# Gillingham et al., Executors, Appellants, *v.* Gillingham & Son Company.

*Contracts—Loans—Evidence of payment—Recovery — Corporations—Dividends—Earnings—Impairment of capital.* ,

In an action against a corporation for money admittedly loaned by plaintiffs' decedent to defendant, where the defense was payment, plaintiffs contended that certain sums which had been admittedly paid their decedent were dividends upon preferred stock of the defendant company which the decedent owned. It appeared that a payment had been made to plaintiffs' decedent in the exact amount of the loan. The trial judge to whom the case was submitted without a jury found, as a matter of fact, that no dividends were ever declared by the directors of the corporations, that the various amounts of money claimed to have been paid as dividends were not earned by the corporation, and that the payments resulted in an impairment of the capital stock and upon these findings of fact found in favor of the defendant. *Held,* no error.

Argued Jan. 9, 1916. Appeal, No. 98, Jan. T., 1917, by plaintiffs, from judgment of C. P. No. 1, Philadelphia Co., March T., 1915, No. 487, on verdict for defendant in case of Harold E. Gillingham and Charles S. Rich, Executors of the Estate of Frank C. Gillingham, deceased, v. Frank C. Gillingham & Son Company, a corporation. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for money loaned by plaintiff's decedent to defendant. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

The case was tried by a judge without a jury. The trial judge found in favor of the defendant and entered judgment on the findings. Plaintiffs appealed.

*Errors assigned* were in dismissing exceptions to findings of facts and law and the judgment of the court.

*Joseph Hill Brinton,* for appellants.

*William Y. Tripple,* with him *Robert H. Morrow,* of *Tripple & Morrow,* for appellee.

OPINION BY MR. JUSTICE POTTER, March 18, 1918:

This action was brought by the executors of Frank C. Gillingham to recover from the defendant company a balance, claimed to be due, of money loaned to it by Mr. Gillingham. The record shows that, according to a statement of the account as made up to November 1, 1914, Mr. Gillingham had a credit of $21,000, against which a payment of $5,573.30 was made on February 26, 1915, leaving a balance of $15,426.70. It appeared further that the defendant company had previously paid to Mr. Gillingham in cash or by credits to his account, sums aggregating $13,500, which, with interest thereon, amounted to the precise balance due him upon the account. The plaintiffs contend, however, that these payments aggregating $13,500 were dividends upon the preferred stock held by Mr. Gillingham, in the company, and were received by him as such, and should not, therefore, be allowed as credits upon the indebtedness of the company to him. The case was tried by the court below without a jury, and the trial judge said: "The question resolved itself into this; if the plaintiffs' decedent had no right to receive the dividends that he admittedly received, then the verdict ought to be for the defendant; if he properly received them, the verdict should be for the plaintiffs for the amount claimed." The court then

found, as a matter of fact, that no dividends were ever declared by the directors of the corporation; that the various amounts of money, claimed to have been paid as dividends, were not earned by the corporation; and that the payments resulted in an impairment of the capital stock amounting in November, 1914, to about $13,000.

Mr. Gillingham was the holder of all the preferred stock of the defendant company, but as such holder he was only entitled to such dividends as the board of directors might prescribe, payable out of the net earnings of the corporation. See Act of April 29, 1874, P. L. 73, section 16. A later statute, that of May 23, 1913, P. L. 336, provides, in section 1, that corporations of this Commonwealth may declare dividends of so much of their net profits as shall appear advisable to the directors; "but such dividends shall in no case exceed the amount of the net profits actually acquired by the company, so that the capital shall never be impaired." These acts are merely declaratory of the general law as it existed, with respect to the payment of dividends on stock, both preferred and common. In Fidelity Trust Co. v. Lehigh Valley R. Co., 215 Pa. 610, where the question involved related to dividends on preferred stock, we said (p. 615) : "No matter in what form the guarantee of dividends may be made, they can be paid only out of the net profits. An agreement to pay even though there be no profits, would be void as against public policy." And in Cornell v. Seddinger, 237 Pa. 389, it was said (p. 396) : "The capital of a company may not lawfully be used for the payment of dividends." And again in Loan Society of Philadelphia v. Evanson, 248 Pa. 407, our Brother Mestrezat said (p. 413) that "directors cannot lawfully declare dividends out of the capital of the corporation."

So that, under the facts found by the court below in the present case, even if the money paid to Mr. Gillingham, the application of which is in dispute, had been formally declared by the board of directors to be a dividend upon his preferred stock, such action would have

been illegal, because the dividends, so called, did not represent net profits. But in fact there was no such declaration of a dividend by the board of directors, and the case is reduced to the simple statement that money was paid to Mr. Gillingham by the defendant company from time to time, in amounts sufficient to liquidate his claim against it. The receipt of the money by Mr. Gillingham is admitted. If the payments were not properly or legally to be regarded as dividends, then they must be regarded as payment of the indebtedness of the company to him. This is the contention of the defendant, properly sustained by the court below. At the risk of repetition we again say that, under the settled law, dividends must first be earned by the corporation, and then declared by the board of directors, in the exercise of a sound business discretion, before they can be claimed by a stockholder. It is not apparent in this case why it should make any substantial difference to plaintiffs whether the payments in question be regarded as dividends, or be credited on account of the money loaned by Mr. Gillingham. If applied to the account in accordance with defendant's contention, then there remains with plaintiffs the right to receive the accumulated dividends upon the preferred stock which they hold. Provision is made for the payment upon that stock of cumulative dividends, at the rate of six per cent. per annum, before any dividend may be paid upon the common stock, and, in case of liquidation or dissolution of the corporation, the full value of the preferred stock, with the accumulated dividends thereon, is to be paid to the holder before anything goes to the holders of the common stock. It appears from the record that there are no creditors, and the solvency of the company is not questioned by plaintiffs. Under these circumstances, a holder of the preferred stock would seem to be well protected.

We find no merit in any of the assignments of error. They are all dismissed, and the judgment is affirmed.