Bloom to Use of General Motors Acceptance Corporation *v.* Lundberg, Appellant.

Argued April 8, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*W. C. Pentz,* and with him *John J. Pentz* and *Ross H. Pentz,* for appellant.

*Wilbur F. Galbraith,* and with him *Cunningham, Galbraith & Dickson,* for appellee.

OPINION BY TREXLER, J., July 2, 1929:

There was a petition to open a judgment. The General Motors Acceptance Corporation became the purchaser of a conditional sales contract upon which the petitioner had purchased an automobile from J. Wade Bloom on the 8th day of September, 1927; it entered judgment on said contract and issued a fi. fa., and levied upon the automobile described and advertised the sale thereof for the 27th day of March, 1928. The petition alleges:

(a) That the contract was made upon the express representation and agreement between the petitioner and J. Wade Bloom, without which said agreement the contract would not have been entered into by the petitioner, that the said automobile was in first class condition with the exception of a slipping clutch and that Bloom would purchase new parts and place them in the automobile without additional cost, upon which agreement the petitioner signed the contract upon which judgment was entered.

(b) Subsequently, about the middle of December, 1927, Bloom having failed to make the repairs to the clutch and the car becoming impossible to operate, the petitioner took the car to Bloom and requested the repairs to be made, and left the car in the possession of Bloom for the making of such repairs, that thereafter Bloom demanded of the petitioner the sum of seventy ($70) dollars, which he refused to pay and Bloom in turn refused to give the petitioner the automobile.

The depositions of witnesses were taken. Lundberg, the petitioner, stated that the deal for the automobile

was made on the 8th day of September, 1927, and that three weeks prior he and Bloom were bargaining for the car and the car was to be in a No. 1 condition, that he went to Bloom and found him repairing the car, grinding the valves and that the deal was finally completed by a salesman of Bloom's coming to his place with the car and that he signed the contract. During these negotiations, the first time the salesman came, he told him to take the car back, but if Bloom would put two new tires on it, he would deal with him and that on the day the contract was signed, the salesman came back with one new tire on the car and he signed all the papers. It will be noticed that the proof failed as to the promise that he would put the car in first-class condition. That statement was made by the agent after the contract was signed and could not have been the inducement for the signing of the contract.

The contract contains a clause, ''No warranties have been made by the lessor, unless endorsed herein in writing,'' and none appear. It is very apparent that the only ground upon which the defendant could ask the court to open the judgment was fraud in its procuring. He argues that although there is no allegation of fraud in the petition the conscience of the court must be influenced by the testimony taken and that fraud can be inferred. A breach of an oral agreement regarding or refraining from doing something in the future is not fraud as that word is employed in the phrase ''fraud, accident or mistake.'' First National Bank of Hooversville v. Sagerson, 283 Pa. 406. Issues raised in a petition for the opening of the judgment must be found in the petition and answer and if they do not appear therein, they should not be considered: Warren Savings Bank v. Foley, 294 Pa. 176. We, therefore, have a case before us of an inducement leading to the signing of the contract wherein the promise

made was in relation to the very subject matter of the contract and the matters agreed upon which formed the inducement should have been set out therein: Gianni v. Russell & Co., Inc., 281 Pa. 320. The very warranties (if warranties they were) which the defendant alleges the plaintiff made are covered by the clause above quoted and should have been set forth in the contract and cannot be considered in connection therewith because not "endorsed therein." It may be an unfortunate situation for the defendant, but he should have protected himself by incorporating in the writing the promises upon which he relied.

In the exercise of sound discretion, the court was right in refusing to open the judgment. The judgment is affirmed.