Taylor *v.* Penrose Motor Co. et al., Appellants.

Argued October 9, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Whitmore, JJ.

*B. K. Wolfe* of *Umsted and Wolfe,* for appellant,

cited: Cowan v. Plate Glass Co., 184 Pa. 1; Ashhurst's Appeal, 60 Pa. 290.

*Robert T. McCracken,* and with him *William C. Ferguson, Jr.,* for appellee, cited: Kersteter's Appeal, 149 Pa. 148; Moller v. Fibre Co., 187 Pa. 553.

OPINION BY GAWTHROP, J., December 27, 1930:

The Penrose Motor Company, a corporation of this State, was, in 1925, engaged in the sale of automobiles, and its place of business was in Philadelphia. George F. Esslinger was president and treasurer of the company, John F. Penrose was vice-president, and Benjamin F. Schwartz was secretary. Esslinger and Penrose were also directors of the company and each owned fifty per cent of the capital stock. In October, 1925, appellee, Thalia C. Taylor, instituted a suit against the corporation in court of common pleas No. 1 of Philadelphia County, for the collection of a debt, for which defendant denied liability, and after a trial a final judgment in her favor in the sum of $1,739.30 was entered by that court on March 31, 1927. No appeal was taken from this judgment. When appellee attempted to levy upon the property of the corporation in execution, no assets of the corporation could be found. She then filed a bill in equity for an accounting against the corporation and Esslinger (Penrose and Schwartz being out of the jurisdiction so that they could not be served with process) praying that Esslinger be required to file an account of the assets, liabilities, receipts and disbursements of the corporation commencing November 1, 1925, and that he alone, or together with Penrose and Schwartz, if they should be brought into court, should pay her such sum as in such account should appear to be owing to her. Esslinger filed an answer to the bill and the trial before the chancellor resulted in a decree nisi, which ordered

him to file an account showing the assets, liabilities, receipts and disbursements of the corporation commencing at the date of the last financial statement made prior to November 1, 1925, including the claim of appellee, and that upon ascertainment of the amount due appellee to pay to her the sum appearing by the account to be due her. None of the material facts are disputed and no exception was filed to any finding of fact by the chancellor. It appears that on or about December 1, 1925, which was about one month after the corporation had been served with process in appellee's civil suit, Esslinger and his two associates, with full knowledge of appellee's claim, resolved to wind up the affairs of the corporation. At this time the corporation was insolvent. It owed Esslinger $8,-426.25 and Penrose $2,635, for loans made to it. Esslinger advanced $7,000 shortly before December 1, 1925. In the process of informal liquidation, which was completed about May 12, 1926, all the general creditors, with the exception of appellee, received the full amounts of their claims. Penrose received $500 and Esslinger received $5,000 out of the general assets of the corporation on account of their respective claims against it. Dissolution through a court of equity was not attempted. The chancellor found as conclusions of law that there was no legal justification for preferring Esslinger's claim to that of plaintiff, and that the sum of $5,000 repaid to Esslinger was a trust fund in which she and the unpaid creditors of the corporation must share pro rata.

The single question presented for our determination is whether Esslinger was entitled to obtain a preference for his claim over the claim of appellee. The general rule recognized by our Supreme Court as applicable to such a situation is stated in Morawetz on Corporations, Sec. 787, as follows: "Directors of an insolvent corporation, who have claims against the com-

pany as creditors, must share ratably with other creditors in the distribution of the company's assets. They cannot secure to themselves any advantage or preference over other creditors by using their power as directors for that purpose. Their powers are held by them in trust for all the creditors, and cannot be used for their own benefit." See Pangburn v. American Vault Co., 205 Pa. 83; Mueller v. Fire Clay Co., 183 Pa. 450; and Kersteter's Appeal, 149 Pa. 148. But it was recognized and asserted by the Supreme Court, speaking by Mr. Justice DEAN in Mueller v. Fire Clay Co., supra, that "cases often arise which are palpably exceptions to the rule, because not within its reason, and where if the rule were enforced gross injustice would result. It is the settled law of this Commonwealth, that an insolvent debtor, whether corporation or individual, may prefer bona fide creditors; but if the creditor benefited be a director or other officer possessed of corporate power and corporate knowledge of the insolvency of his corporation, then he has an advantage over other creditors whose claims may be of equal merit; he has knowledge that his debt is in peril, and has the power to prefer himself. As he is in a sense trustee for all the stockholders and creditors, equity forbids that he should act solely for himself, regardless of the interests of those for whom he is trustee; and in case he prefers his own debt, the burden is on him to show circumstances which raise an equity in his favor, and which take the particular case out of the operation of the general rule." The same judge speaking for the court in Cowan v. Plate Glass Co., 184 Pa. 1, said: "If the preferred creditor was an officer, the burden was on him to show that the preference was in all respects fair and conscionable, and that it was not collusive, for the mere purpose of preference, but under the circumstances was just. The knowledge of the corporate officer that his debt is in peril and the

power to some extent to prefer himself, raises the presumption that he has taken advantage of his special knowledge and special power, to the prejudice of other creditors whose debts are equally meritorious.''

Appellant contends that he has brought himself within the exception to the rule by sustaining the burden of showing that the preference he got was fair and conscionable. We are unable to adopt that view. The chancellor refused the request, and we think correctly, for a conclusion of law to the effect that the directors had acted fairly and not unconscionably under the circumstances. This was in effect a two man corporation, of which appellant was president and treasurer. He and Penrose, both of whom received preferences, were a majority of the board of three directors. In such circumstances the transaction is to be more rigidly scrutinized than if they constituted only a minority of the board. See Mueller v. Fire Clay Co., supra. Appellant testified that he loaned $7,000 to the company ''so that we could go through this process (of liquidation) and get the most out of it at the time.'' This did not indicate a desire on his part to benefit the corporation, but a desire to aid himself. Cowan v. Plate Glass Co., supra, on which appellant principally relies to sustain his contention that he did not receive an illegal preference, is clearly distinguishable from the case at bar on its facts, as reference thereto will disclose. It seems to us that good faith toward appellee required the managers of this corporation to refrain from appropriating its assets to the payment of their claims until they learned the result of her suit. By failing to do so and stripping the corporation of all the assets which remained after paying other creditors by appropriating them to the payment of their own claims, they disclose a clear purpose to obtain a preference for themselves to the prejudice of appellee. It follows that the case falls

within the general rule that directors of an insolvent corporation who have claims against it as creditors must share ratably with other creditors in the distribution of the company's assets.

The only other contention of appellant which seems to require discussion is that the chancellor decided that Esslinger and Penrose acted in good faith in applying the balance of the funds realized to their accounts. It is true that the discussion in the opinion of the chancellor contains such a statement. In view of the chancellor's declining appellant's requests to find that the directors of the corporation acted fairly and not unconscionably in preferring themselves as against the claim of the plaintiff, it is manifest that the statement that these directors acted in good faith meant only that they believed that they had a good defense to appellee's case, and that for that reason they could ignore her claim with impunity. We are of one mind that the findings of fact support the conclusion of law that plaintiff has a right to share with the officers of the Penrose Motor Company in the balance of its assets, which were applied on account of the balance due Esslinger, and that the final decree is right.

The decree is affirmed at appellant's costs.