Sterling Eng. & Mfg. Corp. *v.* Jennings et al.,
Appellants.

Argued November 14, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*John H. Lucas,* and with him *Joseph W. Henderson,* for appellants.

*Hassrick, Stewart, Streeper & Abrahams,* for appellee.

Opinion by Whitmore, J., December 27, 1930:

The plaintiff brought suit in assumpsit against the defendants, appellants, to recover the balance due on a contract in writing between the parties dated June

5, 1929, accepted by the plaintiff on June 7, 1929, for the sale and delivery f. o. b. cars at Boston, Mass., of certain machinery consisting of boiler feeder, receiver and air valve.

The defendants filed an affidavit of defense admitting the execution of the written contract but alleging, inter alia, that the machinery and equipment, when installed, did not give the results warranted and guaranteed by the plaintiff, nor were same reasonably fit for the purpose for which they were to be used; that the plaintiff, in order to induce the defendants to purchase said equipment, through their duly authorized agents, employees and salesman, made certain oral representations and guarantees concerning the efficiency of the equipment and guaranteed that when installed in defendants' plant it would produce certain savings in coal and would return steam to the boiler at certain degrees. The further defense was set up that the equipment and machinery, when installed, did not give the results warranted and guaranteed, but, on the contrary, said machinery and equipment were useless for the defendants' purposes. These warranties and guarantees were, according to the record, made prior to the signing of the contract. The court below entered judgment against the defendants for want of sufficient affidavit of defense, and the only assignment of error is the action of the court in so doing.

The contract between the parties contains the following provision: "It is agreed this order shall not be subject to countermand or rescission by the vendee and that it covers all agreements concerning this transaction of every name and nature, and no representations or agreements not included herein, made by salesman or any other person, shall be binding on the vendor. The vendee expressly waives as against this agreement all exemptions and all claims for damages

of whatever nature. Vendee admits that vendor is a corporation duly and legally incorporated under the laws of Massachusetts and expressly waives proof of that fact in any action arising under this agreement."

This constituted a distinct and absolute agreement between the parties. As the alleged warranties and guarantees were made prior to the execution of the contract, they were as a matter of law merged in the written contract. The affidavit of defense does not allege that the so-called understanding, warranty or agreement was omitted from the written instrument through fraud, accident or mistake.

In Gianni v. R. Russell & Co., Inc., 281 Pa. 320, Mr. Justice SCHAFFER held:

"Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement.

"All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract, and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor substracted from by parol evidence.

"Fraud, accident or mistake are the foundation upon which any basis for admitting parol evidence to set up an entirely separate agreement within the scope of a written contract must be built."

In Bloom v. Lundberg, 96 Pa. Superior Ct. 248-250, this court held:

"The contract contains the clause, 'No warranties have been made by the lessor, unless endorsed herein in writing,' and none appear ......" The very warranties (if warranties they were) which the defendant alleges the plaintiff made are covered by the clause above quoted and should have been set forth in the

contract and can not be considered in connection there-with because not 'endorsed therein.' "

The contract in the present case provides "that it covers all agreements concerning this transaction of every name and nature, and no representations or agreements not included herein, made by salesman or any other person, shall be binding on the vendor." If the defendants relied on any understanding, warranty or agreement made prior to the execution of the written contract, they should have protected them-selves by incorporating in the writing the promises upon which they relied. We are of the opinion that the court below properly entered judgment for want of sufficient affidavit of defense. The judgment is affirmed.