## Sprenger, for use, Appellant, *v.* Litten.

Argued May 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

before PATTERSON, SMITH and MUSMANNO, JJ., opinion by PATTERSON, J.

*William H. Markus,* with him *William S. Burleigh,* for appellant.

*John E. Winner,* with him *Floyd V. Winner,* for appellee.

OPINION BY HIRT, J., October 7, 1940:

The note given by defendant to Joseph G. Sprenger on November 12, 1936 for $1,109 was later assigned to use plaintiff and judgment was entered thereon. It authorized the entry of judgment before maturity and, therefore, was not a negotiable instrument. *Gimbel Bros. Inc. v. Hand*, 101 Pa. Superior Ct. 212. The note was originally given in accordance with a written agreement, executed on the same date, as part consideration for the purchase by defendant from Joseph G. Sprenger, of 25 shares of stock of Alco Vault Company. The sales agreement also required the payment of $1,120 in cash and provided: "And as a further condition of the sale and agreement, it is further understood and agreed that the said Joseph G. Sprenger shall pay out of the money so received by him the outstanding indebtedness of the Alco Vault Company existing at the time of this agreement ......" Sprenger, at the time, was managing the business of the company.

The written agreement setting forth the terms of the sale is not questioned but Sprenger contends that, on closing the transaction, the cash payment of $1,120 was not made to him but was retained by the defendant with the understanding that he would apply it to the payment of the Alco Company indebtedness thus relieving Sprenger from that obligation under his contract. The agreement and the note were separate instruments but were parts of the same transaction and must be read together and each must be construed with reference to the other. *Wilson v. Viking Corp.*, 134 Pa. Superior Ct. 153, 3 A. 2d 180. There is evidence that the indebtedness of the company, as of the date of the contract, had not been paid and whether the cash payment was made to Sprenger for that purpose, is the controlling issue. If Sprenger received this sum and failed to use it to discharge the company's indebtedness there was a failure of the consideration of the contract and of the

note. A defense on this ground is not an attack upon the instrument, nor an attempt to modify it. Want of consideration would contradict the terms of the instrument, while failure of consideration does not do so, but shows that the consideration contemplated was never received. *Killeen's Estate,* 310 Pa. 182, 165 A. 34. In cases of sealed instruments, while a plea of want of consideration will not be heard, failure of consideration may be shown. *Piper v. Queeney,* 282 Pa. 135, 127 A. 474.

As a defense to the note there is defendant's testimony, substantiated by his checks, that he had paid to the corporation, in all $955, before the sale was consummated and that Sprenger cashed these checks and retained the proceeds and that he is entitled to a credit in this amount against the cash payment stipulated in the contract. On this testimony, in connection with evidence that Sprenger did not discharge the indebtedness of the company as he was bound by his agreement, the judgment was opened. Sprenger, on the other hand, contends that the checks represented advancements to the company for working capital and did not enter into the stock transaction.

A petition to open judgment is an appeal to the equitable power of the court. It is addressed to its sound discretion and even if a doubt is raised by the evidence as to the conclusion of the lower court, as there is in this case, such doubt is not ground for reversal. *Wright v. Linhart,* 243 Pa. 221, 89 A. 973. "In determining whether or not a judgment should be opened, the court below is required to weigh the evidence of both parties, consider the credibility of the witnesses, give due effect to writings which cannot be subject to bias or forgetfulness, and, in the exercise of a sound discretion, decide, as a chancellor, whether or not, in equity and good conscience, defendant has a just defense to the note or bond on which the judgment

was entered; and this court, on appeal, will reverse only if an abuse of discretion is shown": *Warren Sav. Bk. & Tr. Co. v. Foley,* 294 Pa. 176, 144 A. 84.

We are not convinced of an abuse of discretion in opening the judgment. There is more than oath against oath and there are corroborating circumstances, among them, the fact that the agreement called for a payment of $1,120 to Sprenger. If, on closing the transaction, it was agreed that defendant should retain this sum, it is probable that the terms of the written agreement would have been changed accordingly before execution.

Since the note was non-negotiable, use plaintiff, on assignment, took it subject to all equities with which it was affected in the hands of the assignor (*Janes v. Benson,* 155 Pa. 489, 26 A. 752) and may not enforce payment against a just defense unless defendant is estopped from asserting a defense. *Ashton's Appeal,* 73 Pa. 153. There is evidence that defendant told appellant that he expected to pay the note at maturity but he also warned him that he had an agreement with Sprenger relating to the transaction. Appellant argues that defendant is estopped from questioning the validity of the note, but nowhere in his answer to the amended petition to open the judgment does he raise the question of estoppel. In determining whether a judgment should be opened, the courts will limit themselves to a consideration of the questions raised in the petition and answers. *Bauer v. Hill,* 267 Pa. 559, 110 A. 346; *Shapiro et al. v. Malarkey,* 278 Pa. 78, 122 A. 341; *Bloom v. Lundberg,* 96 Pa. Superior Ct. 248.

Order affirmed.