## West, for use, Appellant, v. Hotel Pennsylvania, Inc.

Argued October 28, 1941.

374

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*B. F. Madore,* for appellant.

*A. E. Kountz,* with him *Carl D. Smith* and *Richard Snyder,* for appellee.

Opinion by Hirt, J., April 14, 1942:

On April 28, 1936, judgment was entered by confession on a note of defendant corporation for $7,000, dated March 1, 1933, payable to the order of Jere C. West and assigned by him to his wife, the use-plaintiff. Thereafter, in 1936, the corporation was declared insolvent by a United States District Court and, in a proceeding in bankruptcy, a plan of reorganization was approved without prejudice to the claim of Virginia A. West on the note in question. That court however directed the trustee in bankruptcy to proceed to determine the validity of the judgment. Accordingly, the trustee moved to have the judgment opened to let him into a defense and the rule granted thereon was made absolute. Hence this appeal.

Defendant operated a hotel in Bedford. Plaintiff, Jere C. West, was in active management and he and his wife owned all of the common stock of the corporation except one share which stood in the name of an employee, Frank P. Templeton. The three comprised

the board of directors. On April 6, 1931, these directors authorized the delivery of the corporation's note for $3,000 to Jere C. West for moneys advanced to the corporation. On September 16, 1931, he contributed an additional $4,000. Referring to the two advancements, the minutes of the board at a meeting of these three directors on September 16, 1931, contain a record of the following resolution: "Resolved, that we hereby accept the proposal of Jere C. West to advance this corporation $4,000 October 1, 1931, *to be entered in the receipts of the Rooms Account as a contribution;* and also his proposal *to cancel* this corporation's note for $3,000, due November 1, 1931, which he now holds; and that both proposals are accepted on condition that the said items of $4,000 and $3,000 shall not be held as debts or obligations of this corporation in its books or otherwise or by the proponent, or the corporation ever required to pay either of said items, unless hereafter set up as obligations of this corporation by voluntary action of the Board of Directors at some future time after this year." (Italics added.) Thereafter, on February 6, 1933, by resolution of the same directors the note in question was executed and delivered to Jere C. West.

The hotel operated at a loss beginning in 1928 and at the end of 1931, after the first note was given, the corporation's capital was impaired to the extent of $39,-895.94; in 1936 shortly before the bankruptcy proceeding, the amount of impairment had increased to $88,-765.55. There was an issue of preferred stock outstanding and by the terms of issue, the preferred stockholders were entitled to vote after default of payment of two semi-annual dividends thereon. Such default occurred and on January 4, 1934, the preferred stockholders assumed control and elected a new board of directors; Jere C. West then withdrew as manager.

Defendant's trustee was put to some disadvantage in determining the nature of the transactions and what

was actually advanced to the corporation by West. The trustee, of necessity, had to rely solely on such records of the corporation as were available, made up under the supervision of West while he was in control of its affairs. Plaintiffs at the hearing offered no testimony. We think, however, sufficient has been shown to move the lower court "in equity and good conscience" to open the judgment, and no abuse of discretion has been shown. *Sprenger v. Litten*, 142 Pa. Superior Ct. 194, 15 A. 2d 527; *George v. George*, 318 Pa. 203, 178 A. 25. Since West, as president and director of the hotel corporation, completely dominated its affairs, his acts are subject to close scrutiny. *Taylor v. Penrose M. Co.*, 101 Pa. Superior Ct. 486.

A director may become a creditor of a corporation, in the absence of fraud or bad faith and may loan moneys to it when needed for its benefit, if the transaction is open and free from blame. *Twin-Lick Oil Co. v. Marbury*, 91 U.S. 587. But it is a fair inference from the testimony in the present case that whatever was advanced by West was used by the corporation, while its capital was impaired, for the payment of dividends to the preferred stockholders. His control of the corporation and his investment in the common stock were at stake, suggesting a motive for the advancements. They appear on the corporate records as "a contribution" to increase the "receipts of the Rooms Account," apparently in an effort to create a book record of sufficient earnings to give the color of legality to the declaration of preferred dividends and thus forestall ousting of the directors by the preferred stockholders. If this was the purpose, the board was without power at a later date, to transform the gift to the corporation into an obligation to repay.

A corporation of this Commonwealth may declare such dividends as may appear advisable to the directors not exceeding the amount of the net profits actually acquired by the company so that the capital shall never

be impaired thereby. Act of May 23, 1913, P. L. 336, 15 PS 631. This was the general rule and that act was declarative merely of the existing law. *Gillingham v. Gillingham & Son Co.*, 260 Pa. 559, 103 A. 991. While the capital is impaired the earnings of a corporation belong to its creditors. "This rule effectively prevents payment of dividends on any class of stock while the corporation is a going concern unless there be earnings from which such declaration can be made": *Levin et al. v. Pbgh. U. Corp.*, 330 Pa. 457, 199 A. 332. The capital of a company may not lawfully be used for the payment of dividends. *Cornell v. Seddinger*, 237 Pa. 389, 85 A. 446. A corporation may borrow money to pay dividends only when it has a surplus from earnings, usually where the earnings are used for additional working capital or capital improvements. 11 Fletcher §5342; 55 A.L.R. 39. But in the present case if the contribution did no more than reduce the impairment of capital it did not supply the basis for the payment of dividends on the preferred stock. The directors of a corporation are trustees of the capital of the company, their powers are held by them in trust for all the creditors and cannot be used for their own benefit. *Taylor v. Penrose*, supra. If dividends are illegally declared, the directors who authorized their payment are personally liable to the company for the amount of such dividends paid out and recovery may be enforced by the trustee in bankruptcy in the interests of creditors. *Branch, Trustee v. Kaiser et al.*, 291 Pa. 543, 140 A. 498; *Cornell v. Seddinger*, supra.

In the light of the above principles, it was for plaintiffs to show the actual amounts advanced to the corporation and the circumstances which justified the directors in authorizing the execution of the note and a confession of judgment in favor of one of them in a transaction which the minutes state was not intended to create an obligation or debt of the corporation. In

378

the absence of such proof the judgment was properly opened.

. The order is affirmed.