## Schlegel et al. v. Schlegel et al.

*Groman & Rapoport,* for plaintiff.

*D. M. Garrahan* and *Arthur T. Gillespie,* for defendant.

HELFRICH, J., December 4, 1944.—This case is before us on the answer of defendant, Elsie L. Schlegel, raising preliminary objections to plaintiffs' bill in equity. The bill provides us with the following facts:

Schlegel Brothers, Inc., is a Pennsylvania corporation. Prior to January 16, 1944, its stock was owned as follows, viz, Paul J. Schlegel, 74 shares; his wife, Elsie L. Schlegel, 1 share; John J. Zartler, 25 shares. The directors then were Paul J. Schlegel and John J. Zartler.

Paul J. Schlegel died intestate on that date, and his widow was duly appointed as administratrix of his estate. On January 27, 1944, Elsie L. Schlegel was elected a director of the corporation, filling the vacancy created by the death of her husband.

On April 29, 1944, she, as administratrix, agreed in writing to dispose of her individual share and the shares of the decedent's estate (75 in number) to John M. Schlegel, Jr., for $10,500, of which $3,000 was then paid to her. The agreement provided, inter alia:

". . . that all cash in the corporate accounts, and all accounts receivable, shall not pass with this sale. All liabilities of the corporation up to the morning of May 15, 1944 (the date for final transfer) shall be paid by the present owners of the corporation, so that as of May 15, 1944, there shall be no outstanding debts. The present owners of the corporation shall also leave with the corporation a cash sum sufficient to pay the 1944

income tax that shall be due on business done from January 1, 1944, to May 15, 1944."

It also provided further that:

"In addition to the sum of Ten Thousand Five Hundred ($10,500.00) Dollars, the purchaser, John M. Schlegel, Jr., shall pay to the seller a sum to be determined, and which sum will represent the cost of labor expended upon goods in process which shall be on the looms as of May 15, 1944, and not completed."

Just prior to May 15, 1944, the directors of the corporation declared and paid dividends totaling $15,-194.60 as follows: To Elsie L. Schlegel, administratrix of the estate of Paul J. Schlegel, deceased, $11,244; to Elsie L. Schlegel, individually, $151.95; and to John J. Zartler, $3,798.65. This left in the corporate treasury a cash balance of $5,543.37, and accounts receivable of approximately $2,298.95. On the day appointed, May 15, 1944, John M. Schlegel, Jr., believing that proper provision for corporate debts had been made, paid to Elsie L. Schlegel as administratrix the balance of $7,500 and the shares were transferred to him. Shortly thereafter it was discovered that the directors of the corporation had "seriously underestimated the liabilities of the corporation", in that its total indebtedness as of May 15, 1944, was approximately $22,186.89, of which approximately $18,277.88 was income and corporate tax due Federal and State Governments on business done to that date.

Plaintiffs allege that the payment of dividends was improper and unlawful, being paid out of capital contrary to law, and seriously impaired the capital of the corporation so that plaintiffs will be forced to liquidate the business if compelled to assume the obligation; and that John M. Schlegel, Jr., will be defrauded in the sum of $10,500 because his stock will be worthless if liquidation results, and he may in addition be personally liable for income tax due the Federal Government. They pray that equity enforce the agreement of sale by directing defendants to pay to the corporation their proportion-

ate share of its liabilities as of May 15, 1944, and to restore the dividends unlawfully received.

Defendant, by her pleading, alleges that plaintiffs have a full, complete, and adequate remedy at law, and that the bill should be dismissed.

A corporation may declare and pay dividends out of its surplus, so that the capital shall never be impaired thereby: Business Corporation Law of May 5, 1933, P. L. 364, art. VII, sec. 701, as amended July 17, 1935, P. L. 1123, sec. 1, 15 PS §2852-701. This was a reënactment and amplification of prior legislation (Act of May 23, 1913, P. L. 336, 15 PS §631) and a general restatement of previously existing law: Gillingham et al., Execs., v. Gillingham & Son Co., 260 Pa. 559; Levin et al. v. Pittsburgh United Corp. et al., 330 Pa. 457; West, for use, v. Hotel Pennsylvania, Inc., 148 Pa. Superior Ct. 373. Directors who take part in the unlawful declaration of dividends are impressed with joint and several liability to the corporation in an amount equivalent to the amount of the unlawful dividend or the unlawful withdrawal or distribution of assets: Business Corporation Law of May 5, 1933, P. L. 364, art. VII, sec. 707, 15 PS §2852-707. It has long been the law of this Commonwealth that a complaint by a corporation against its directors at the time an allegedly unlawful dividend was declared is peculiarly within the province of a court of equity. In Cornell v. Seddinger, 237 Pa. 389, and Cochran v. Shetler et al., 286 Pa. 226, plaintiff was the receiver of a corporation; in Fell v. Pitts, 263 Pa. 314, and Branch, Trustee, v. Kaiser et al., 291 Pa. 543, he was the trustee in bankruptcy; and in The Loan Society of Philadelphia v. Eavenson et al., 241 Pa. 65, Loan Society of Philadelphia v. Eavenson, 248 Pa. 407, and Pennsylvania Knitting Mills Corp. v. Bayard et al., 287 Pa. 216, the corporation itself, a going concern, was the party plaintiff. Elsie L. Schlegel and John J. Zartler, at the time the alleged unlawful dividend was negligently declared, were the directors of the corporation. Account-

ing and discovery being a necessary incident of such a proceeding, a bill of this nature will not be dismissed on the ground that plaintiff has an adequate remedy at law: The Loan Society of Philadelphia v. Eavenson et al., 241 Pa. 65; Cochran v. Shetler et al., supra.

Thus the bill with seeming propriety states a cause of action in the proper forum, insofar as the corporate plaintiff and Elsie L. Schlegel and John J. Zartler, as directors at the time of the declaration of an allegedly unlawful dividend, are concerned. Furthermore, the answer of Elsie L. Schlegel being in her individual capacity, this view disposes of the pleading presently before us. Having jurisdiction of one phase of the matter, we cannot dismiss the bill.

We cannot, however, permit this opportunity to pass without referring to other matters, not raised by the pleadings presently, but which remain for serious consideration as the cause progresses. These relate to the joinder of John M. Schlegel, Jr., as a party plaintiff, and the joinder of Elsie L. Schlegel, administratrix of the estate of Paul J. Schlegel, deceased, as a party defendant, to answer either John M. Schlegel, Jr., or Schlegel Brothers, Inc., a corporation, in the present forum. Both the stock of the corporation and the dividend allegedly declared, so the bill indicates, were either in the possession of the decedent at the time of his death, or thereafter came into the possession of his personal representative, as part of the estate for purposes of administration and ultimate distribution. In such case exclusive jurisdiction seems to be vested in the orphans' court: Keyser's Estate, 329 Pa. 514; Crisswell's Estate, 334 Pa. 266. While it is true that equity may follow a trust fund so long as identification is possible, even though not especially earmarked: Mc-Laughlin v. Fulton, 104 Pa. 161; Kauffman et al. v. Kauffman et al., 266 Pa. 270; Erie County et al. v. Lamberton et al., 297 Pa. 406; we question our ability, the orphans' court within its province being vested with equitable jurisdiction, to pursue a fund into that

forum. These, after all, are merely quaeres for the benefit, consideration, and prospective further preparation of counsel interested in this matter.