Regional Agricultural Credit Corp. *v.* Barabas, Appellant.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Stuart A. Culbertson,* for appellant.

*Clarence A. Patterson,* with him *Peters & Prather, Frank D. Prather* and *John L. Bitner,* for appellee.

OPINION BY RENO, J., July 19, 1946:

This is an appeal from an order dismissing appellant's petition for a rule to show cause why a judgment should not be opened.

On April 7, 1943, appellant was granted a loan by the Regional Agricultural Credit Corporation, a Federal agency, as an inducement to produce more foodstuffs during the war. The loan was evidenced by an instrument entitled, "Bond Evidencing Special War Crop Advance", which stated, inter alia, that upon certification by the United States Department of Agriculture War Board of appellant's county that certain enumerated events had transpired, the liability of the borrower should be limited to the receipts derived from the crops for which the loan was made, and no personal liability would accrue. The record conclusively shows, and appellant admits, that he did not obtain the required certificate. On February 14, 1945, judgment was entered on the bond and a levy made on appellant's personal property for the entire loan.

Upon appellant's petition to open judgment, the court below granted a rule, to which appellee answered by way of a demurrer, raising questions of law and alleging that the averments in the petition were insufficient to support the prayer to open judgment; that since appellant had not procured the certificate, he had not complied with the terms of the bond and therefore

could not be relieved of personal liability; and that there was no allegation as to the existence of such a certificate. Upon this state of the record the court below entered an order dismissing the petition, and from that order, this appeal was taken.

The terms of the bond clearly made the obtaining of the certificate a condition precedent for relief from personal liability, and appellant admits his failure to obtain such certificate. Instead he avers that he did not receive a copy of the bond and therefore did not know of the condition. On this ground he cannot be heard. He had the opportunity to read the document and cannot now defend on the ground that he neglected to do so. *Silberman v. Crane,* 158 Pa. Superior Ct. 186, 44 A. 2d 598. He also contends that because of a conversation which took place before signing the bond he had a different conception of the contents. " 'Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. . . . All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence' ": *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 323, 126 A. 791. Here there are no averments of fraud, accident or mistake.

Had appellant averred that he had applied for a certificate, and the board, which was composed of citizens and neighbors of his county, had capriciously or dishonestly refused to issue it, appellant might have been entitled to relief upon the same principles which excuse a contractor from producing an architect's certificate. See Restatement, Contracts, §303. In the absence of such averment, the petition made no appeal to the conscience of the chancellor.

The cardinal principle governing applications to open judgments was recently stated by Mr. Justice ALLEN M. STEARNE, in *Berkowitz v. Kass,* 351 Pa. 263, 264, 40 A. 2d 691, wherein it was said: "Appellant has confused the controlling principles of law. Courts are not required to open judgments merely because the defendant produces evidence which, if true, *would constitute a defense.* . . . An application to open judgment is addressed to the court's sound discretion, and, on appeal, the order of the court below will only be reversed for clear abuse of discretion." We cannot find an abuse of discretion in this case.

Order affirmed.