## Land Title Bank & Trust Company *v.* Kolker, Appellant.

Argued October 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edward Tolen*, for appellant.

*Joseph L. Ehrenreich*, for appellee.

OPINION BY RENO, J., October 30, 1946:

Appellant took this appeal from the judgment of the learned court below which discharged her rule to open judgment.

Appellant, in September 1941, requested appellee to purchase a 1940 Packard car at a price of $1,050.00. Appellee complied with her request and thereafter leased the automobile to her. Appellant made a cash payment to appellee and executed her note to it for $758.68, which sum represented the unpaid balance plus finance charges. In addition to the note, appellant pledged the automobile as security. When she was unable to meet her payments she returned the automobile to appellee who sold it for $380.00, credited that amount to her account, entered judgment on the note for the unpaid balance, and issued execution. Appellant thereupon filed her petition to open judgment on the ground that plaintiff had not given her "full credit on account of said loan of the value of said vehicle".

Depositions were taken by both appellant and appellee. With the exception of one of appellee's witnesses the testimony concerning the value of the automobile was vague and inconclusive. The one witness who did appraise the worth of the automobile stated that $380.00 was too much to pay for it. Without further reciting the testimony it is sufficient to quote from the opinion of the learned judge below who said: "The depositions in defendant's behalf failed to establish that the value

of the automobile on April 10, 1942, when plaintiff sold it to liquidate her indebtedness, was in excess of $380., the amount realized for it."

The only issue raised in the petition was the value of the car, and since the testimony did not support the proposition that a higher price should have been obtained for it, no relief can be granted. *State Camp of Pa., P. S. of A. v. Kelley,* 267 Pa. 49, 110 A. 339. In considering whether a judgment should be opened, the courts are limited to a consideration of the questions raised in the petition and answer. *Sprenger v. Litten,* 142 Pa. Superior Ct. 194, 15 A. 2d 527.

Appellant's only assignment of error is: "The Court below erred in dismissing the rule to open judgment in the above case." Appellant does not seriously contend, nor could she, that there has here been an abuse of judicial discretion. In the absence thereof we will not disturb the judgment. This case falls squarely under our decision in *Regional Agricultural Credit Corp. v. Barabas,* 159 Pa. Superior Ct. 402, 405, 48 A. 2d 85, wherein quoting Mr. Justice ALLEN M. STEARNE, in *Berkowitz v. Kass,* 351 Pa. 263, 264, 40 A. 2d 691, we said: " 'Appellant has confused the controlling principles of law. Courts are not required to open judgments merely because the defendant produces evidence which, if true, would constitute a defense. . . . An application to open judgment is addressed to the court's sound discretion and, on appeal, the order of the court below will only be reversed for clear abuse of discretion.' We cannot find an abuse of discretion in this case."

Judgment affirmed.