## Baldino et ux. v. ABC Appliance Service, etc., et al.

*Bucci & Bucci*, for plaintiffs.

*Sundheim, Folz, Kamsler & Goodis* and *Ernest L. Nagy*, for defendants.

FLOOD, J., December 24, 1952.—This case is before the court on preliminary objections to plaintiffs' complaint in equity. The complaint alleges that plaintiffs purchased a Zenith television set from defendant ABC Appliance Service, hereinafter called ABC; that payment for this set was arranged under a bailment lease providing among other things that the lessor might assign the lease, in which case lessor's assignee should have all the rights, powers and remedies of lessor under the lease but should be subject to none of lessor's obligations; that the lease was thereupon assigned to defendant bank; that plaintiffs received and accepted delivery of the set from ABC but that the set was de-

fective from the outset and never performed satisfactorily while in plaintiffs' possession. The complaint further avers that ABC made several futile attempts to remedy the aforesaid defects and eventually refused to attend to plaintiffs' complaints; that as a result of this plaintiffs refused to make further payments to the bank unless the set was either replaced or repaired; that the bank repossessed the set and subsequently sold it for the highest price obtainable, leaving a balance of $163.24 due from plaintiffs to defendant bank. Plaintiffs allege further that at a later date, they applied for an extension of credit at the Pennsylvania Company and this application was rejected due to unfavorable reference given by defendant bank; that upon inquiry plaintiffs were advised by defendant bank to pay the purported $163.24 balance due this bank. Whereupon plaintiffs pray: (a) That the lease agreement be canceled; (b) that defendant bank be restrained from giving unfavorable credit reference as to plaintiffs; (c) that defendants be ordered to compensate plaintiffs for injuries they sustained because of defendants' acts, and (d) for such general relief as the court may deem proper and fair under the circumstances.

Each defendant filed preliminary objections averring that plaintiffs have failed to state a valid cause of action as to it.

The determination of the question involved as to defendant bank depends upon the assignment clause in the lease. The clause itself is clear. It is in effect a waiver as to assignee of any defenses plaintiffs have against the assignor. Unless the clause is unconscionable or against public policy we are bound to enforce it.

It is well settled that an assignee holds the assigned instrument subject to all the equities with which it was affected in the hands of the assignor. But it is equally well settled in Pennsylvania that the debtor

may be estopped from asserting these equities as against the assignee by the declaration that he has no defense or set-off to the debt assigned. In the face of such declaration he cannot set up his defense against an assignee who takes on the faith of it: Ashton's Appeal, 73 Pa. 153 (1873) ; Sprenger for use, v. Litten, 142 Pa. Superior Ct. 194 (1940).

The basis for these decisions is not the phrasing of the declaration but the fact that such declarations induce the assignee to take the assignment. It would be inequitable to allow the debtor to later assert a defense which he declared that he did not have or he would not set up.

It has been held that if a maker states on a nonnegotiable promissory note that he agrees that the note shall be subject to the same rules governing commercial paper as to equities, he waives his right to inquire into the fairness of the original transaction or the adequacy of the consideration: Howie v. Lewis, 14 Pa. Superior Ct. 232 (1900).

We can see no substantial difference between the agreement before us and an agreement that the instrument should be treated as commercial paper as to equities. In both situations the obligor is agreeing not to assert any defenses he may have against the assignor as to the assignee. Therefore the fact that the television set was defective is irrelevant in determining the rights and liabilities of plaintiffs and defendant bank.

Under the facts before us, plaintiffs are in debt to defendant bank. Consequently the bank had a right to give the "bad references" complained of. The bank's objections must be sustained.

Defendant ABC contends that plaintiff's complaint fails to state a cause of action as to it. Under the alleged facts ABC's objection must be sustained. The complaint fails to assert any valid cause of action in

equity against this defendant. Upon the facts stated in the complaint, plaintiffs may have a cause of action against ABC for damages for breach of contract but if so they have not fully spelled it out.

The preliminary objections are sustained. The complaint is dismissed as to both defendants.