Epp's Used Cars, Appellant, v. Few.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Daniel W. Shoemaker,* with him *Shoemaker & Le-Cates,* for appellant.

*Raymond R. Smith,* for appellee.

OPINION BY ERVIN, J., April 12, 1962:

The only question raised in this appeal is whether the court below abused its discretion in considering as the basis for its decision a matter not raised by the petition to open judgment but stipulated in the depositions by counsel for the parties.

On November 28, 1959 Dora Tarbert and her grandson, Kenneth R. Few, entered into an installment sale contract for the purchase of an automobile from the appellant. Kenneth R. Few was not 21 years of age at the time of purchase and to facilitate the purchase of the automobile Dora Tarbert became a party to the contract. In July 1960, before any default in payment of installments, Kenneth R. Few returned the vehicle to the York Trust Company, who had discounted the sales contract. Subsequent to that time notice of repossession was sent to Kenneth R. Few but Dora Tarbert was not served with a notice of repossession although she was a party to the contract. Kenneth R. Few did not redeem the vehicle and the appellant sold the vehicle at auction. Judgment was entered on the note which was executed at the time of the original contract and an execution was issued and levy made on the real property of Dora Tarbert. Thereafter a petition to open judgment was filed on behalf of Dora Tarbert. An answer was filed and depositions were

taken thereon. At the taking of the depositions counsel for both parties entered into a stipulation that Dora Tarbert did not receive a notice of repossession as provided for in §23 of the Act of 1947, 69 PS §623, which provides as follows: "D. When repossession of a motor vehicle, which is the subject of an installment sale contract, is effected otherwise than by legal process, the holder shall immediately furnish the buyer with a written 'notice of repossession' delivered in person, or sent by registered mail directed to the last known address of the buyer. Such notice shall set forth the buyer's rights as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of the holder's intent to re-sell the motor vehicle at the expiration of fifteen (15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice."

Section 25B of the Act of 1947, 69 PS §625B, provides as follows: "During such fifteen (15) day period the buyer may redeem the motor vehicle and terminate the contract by payment or tender of payment to the holder of the following amounts, subject to the conditions hereinafter indicated."

We agree with the court below that "The importance of this notice is plainly shown by the detailed information required to be in it. This right to notice of repossession, with other rights of a purchaser of an automobile on an installment contract, are not to be treated lightly. The Act of 1947, supra, states that 'it is hereby declared to be the policy of the Commonwealth of Pennsylvania to promote the welfare of its inhabitants

and protect its citizens from abuses presently existing in the installment sale of motor vehicles . . . to establish a system of regulation for the purpose of insuring honest and efficient consumer credit service for installment purchasers of motor vehicles. . . .' (Section 2, 69 P.S. 602)."

The appellant argues that the court below was in error in considering this subject because it was not contained in the petition to open. It is true that, generally speaking, in proceedings to open judgment, the petition and answer comprise the pleadings and relief may be given only on the grounds embraced therein: *Brown & Bigelow, Inc. v. Borish,* 165 Pa. Superior Ct. 308, 67 A. 2d 823; *Sprenger v. Litten,* 142 Pa. Superior Ct. 194, 198, 15 A. 2d 527; *Land Title B. and T. Co. v. Kolker,* 159 Pa. Superior Ct. 529, 531, 49 A. 2d 277; *State C. of Pa. P. S. of A. v. Kelley,* 267 Pa. 49, 54, 110 A. 339. It is our opinion, however, that the defect in the petition was amendable and since the attorneys for the parties stipulated as a fact that no notice of repossession had been served upon Dora Tarbert, the petition should be considered by us as amended by the insertion of this subject in it. See *Standard Furnace Co. v. Roth,* 102 Pa. Superior Ct. 341, 346, 156 A. 600.

One of the principal purposes of pleadings is to specify issues of fact to be determined by the fact finder. Where, however, there is a stipulation as to a fact, this procedure is unnecessary and the court should be permitted to give consideration to the fact if it is material to the matter then before the court. In order to promote the welfare of its inhabitants and protect its citizens from abuses existing in the installment sale of motor vehicles, the legislature very wisely provided a system regulating the sale of repossessed motor vehicles. We believe that this is the type of case that justifies the action taken by the court below in this matter. Where a common pleas court opens a judgment and

permits a defense to be made, the order will be reversed on appeal only where there has been a clear and manifest abuse of discretion by the court below: *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691; *Kogen v. Horowitz,* 169 Pa. Superior Ct. 349, 82 A. 2d 530.

Order affirmed.