# Thompson v. First School District of Pennsylvania, Appellant.

*Landlord and tenant—Notice by tenant—Tenancy from year to year.*

When a tenant enters into a lease for a definite term and holds over from year to year, he may surrender the premises at the end of any year without having given three months' previous notice of his intention to do so.

Argued Oct. 18, 1911. Appeal, No. 126, Oct. T., 1911, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1908, No. 734, in verdict for plaintiff in case of Mary A. Thompson v. Board of Public Education of the First School District of Pennsylvania. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for rent. Before FERGUSON, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $378.30. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. C. Wilson,* assistant city solicitor, with him *James Alcorn,* city solicitor, for appellant.

*C. J. Buckman,* of *Buckman & Buckman,* for appellee.

OPINION BY HENDERSON, J., March 1, 1912:

The plaintiff's action was for the recovery of rent on a lease alleged to be in force between her and the defendant for a building occupied as a schoolhouse. No lease in writing was produced but evidence was offered to show that the property belonged to Elizabeth T. Alloway in 1890 and that about that time she leased the premises

to the defendant to be used as a schoolhouse at the rental of $500 per annum; that the defendant entered into possession of the premises and paid the rent until October 13, 1905, at which time the said Alloway died and under the will of the decedent the plaintiff became the owner of the demised premises and received rent until April 1, 1908, at which time the defendant vacated the premises and ceased thereafter to occupy them. The evidence showed that the property had been occupied by the defendant for a term beginning on the first of April of each year. Whether there ever was a lease in writing does not appear but that the letting was by the year seems not to be disputed. A request for binding instructions in favor of the defendant was refused and the learned trial judge instructed the jury that there was a presumption of a yearly letting in the absence of a written lease and that where there is no writing which prescribes something different the law requires that a yearly lease may be terminated only upon three months' notice before the expiration of the lease and that if the tenant vacate at the end of the year without giving three months' notice before the expiration of the year he is bound for another year. Under this instruction the jury returned a verdict for the plaintiff. The assignments of error are to the refusal of the court to give binding instructions for the defendant and the rejection of an offer to prove that the building leased was in an unsanitary condition and that the city was compelled on that account to vacate it. The principal question for consideration is whether when a tenant enters under a lease for a definite term and holds over from year to year he may surrender the premises at the end of any year without having given three months' previous notice of his intention so to do. There can be no doubt that if a tenant hold over after the expiration of his term an action of ejectment may be maintained against him by the landlord or he may be proceeded against under the Act of March 21, 1772, 1 Sm. Laws, 370, after three months' notice to quit or he may be recognized as a tenant for

another year and required to pay rent for the additional
term. If the landlord proceed under the act of 1772 he is
not required to give three months' notice before the ex-
piration of the lease when that is terminated at a definite
period. The notice must be three months before the ap-
plication to the justices for the process and in case of hold-
ing over for another year or years, notice must be given
three months before the expiration of any subsequent year:
Logan v. Herron, 8 S. & R. 459. Under the Act of De-
cember 14, 1863, P. L. (1864) P. L. 1125, the lessor is re-
quired to give notice of his intention to repossess the
property three months before the end of the term if he
would take advantage of the provisions of that act; but
no statute requires notice by a tenant of his intention to
leave at the end of a term. The question arose in Cook v.
Neilson, 10 Pa. 41, whether a tenant from quarter to quar-
ter who had held over was bound to give notice of his in-
tention to quit at the expiration of the current quarter and
the judgment of the court below that no notice was neces-
sary was affirmed by a divided court. In Hollis v. Burns,
100 Pa. 206, the same doctrine was applied in the case of
a lease from month to month, and in Lane v. Nelson, 167
Pa. 602, it was held by the president judge of this court
then presiding in the eleventh district that in Pennsylvania
the tenant is not required to give notice of his intention to
quit at the end of any month or quarter or year as the term
may be. Other questions were involved in the case, but the
judgment was affirmed on the opinion of the learned presi-
dent of the common pleas. In considering the question
of an implied renewal of a tenancy the provisions of the
former lease must be regarded. Where one holds over as a
tenant with the consent of the landlord he does so accord-
ing to the provisions of the lease for the preceding term and
where the lease provides for an annual ending of the term,
in this case on the first of April, there would seem to be no
convincing reason for giving the landlord notice of an in-
tention to vacate the premises at the end of a year. There
is certainly as great reason for requiring a tenant by the

month or quarter to give notice of an intention to leave as where the term is for a year. We have not found any authorities which require us to hold that the defendant was bound to give notice three months in advance, of its intention to vacate the premises at the end of the year. As there was no occupancy of the building by the defendant after that time it follows that the plaintiff is not entitled to recover. Having reached this conclusion we need not consider the question whether the evidence was sufficient to show a lease between the plaintiff and defendant.

The judgment is reversed.