[Civil No. 4341.   Filed June 16, 1941.]

[114 Pac. (2d) 226.]

THE TOWN OF HOLBROOK, a Municipal Corporation; LAFE' S. HATCH, Town Marshal; TONY ORTEGA and WALTER MARTIN, Town Policemen of the Town of Holbrook, Appellants, v. W. DEAN NUTTING, Appellee.

Mr. Guy Axline, for Appellants.

Mr. F. Ray Brown and Mr. C. D. McCauley, for Appellee.

LOCKWOOD, C. J.—This is an appeal by the town of Holbrook and various officers thereof, defendants, from an order of the superior court permanently enjoining them from enforcing against W. Dean Nutting, plaintiff, as a condition precedent to his engaging in the practice of law and the conducting of a title and abstract business in said town, the provisions of a certain ordinance imposing a license tax.

The sole question is whether the ordinance imposing such license tax is void as beyond the power of the town to enact.

The town of Holbrook is incorporated under the provisions of article 2, chapter 16, Arizona Code, 1939. Section 16–207 thereof defines the powers of the common council of such towns. Subdivisions 18 to 22, inclusive, of the section authorize the councils to license, tax and regulate various occupations and industries set forth in said subdivisions. It is admitted by defendants that the occupation of attorney at law and that of conducting a title and abstract business are not specifically mentioned in any of the said subdivisions, nor is there any mention of an occupation which could reasonably be considered to include them. Indeed, defendants do not contend that article 2, *supra,* anywhere expressly or impliedly authorizes the provisions of the ordinance which are in question. They base their contention solely on the fact that arti-

cle 1 of chapter 16, § 16–102 et seq., *supra,* provides for the method of disincorporating such towns as Holbrook and placing them under the control of boards of trustees instead of common councils, and that such boards of trustees, by section 16–113, Arizona Code, 1939, are given the following power:

- "To fix the amount of license to be paid by any person, for carrying on any business, game or amusement, and prescribe the manner of collection or payment of the same, for stated periods in advance, and fix penalties by fine, imprisonment or both;"

It is urged that under this provision the trustees may levy a license tax upon attorneys and public abstract offices, and that it must be presumed that the legislature would not have given such powers to a disincorporated town, acting under a board of trustees, and withhold them from the common council of an incorporated town.

■■ The organization of towns set up by chapter 2, *supra,* is entirely different and distinct from a corporation governed by a board of trustees, such as that provided for by article 1, *supra.* Even assuming, which is rather doubtful, that a board of trustees might have adopted an ordinance of the kind in question, we know of no rule of law which would permit us to hold that such a power by implication belonged to an entirely distinct class of municipal corporations. It is, of course, axiomatic that municipal corporations have only such powers as are expressly or by reasonable implication from their charters conferred upon them by the legislature. *Buntman* v. *City of Phoenix,* 32 Ariz. 18, 255 Pac. 490; *Woodward* v. *Fox West Coast Theaters,* 36 Ariz. 251, 284 Pac. 350; *Terrell* v. *Town of Tempe,* 35 Ariz. 120, 274 Pac. 786.

■ Since defendants admit that such powers do not appear directly or indirectly in the charter of the

town of Holbrook, the order of the trial court was correct, and it must be affirmed.

McALISTER and ROSS, JJ., concur.