COLUMBUS METROPOLITAN HOUSING AUTHORITY,
APPELLEE, *v.* STIRES ET AL., APPELLANTS.

(No. 4194—Decided February 2, 1949.)

*Mr. Wm. Harvey Jones,* for appellee.

*Messrs. Hamilton & Kramer* and *Mr. Joseph R. Hague,* for appellants.

MILLER, J. This is an appeal on questions of law from the Municipal Court of Columbus. The action was one in forcible entry and detainer, tried before a jury and resulting in a directed verdict for the plaintiff. The petition, after alleging the capacity of the plaintiff to sue, alleges:

"The defendants entered upon said premises as tenants of the undersigned and the lease therefor was terminated on the 29th day of February, 1948, and from that date the said defendants have unlawfully and

forcibly detained possession of the above described premises.

"On the 1st day of March, 1948, the plaintiff duly served upon said defendants, as required by law, notice to leave said premises on or before the 4th day of March, 1948, which said defendants have failed to do."

The first four assignments of error are directed to the sufficiency of the petition.

In *Glink* v. *Pennell*, 81 Ohio App., 340, 79 N. E. (2d), 672, this court expressly stated that a complaint in forcible entry and detainer is sufficient against demurrer if the complaint conforms to the provisions of Section 10452, General Code, which specifically prescribes what the complaint shall contain. We find that the petition contains all the necessary averments and the court properly ruled as to the sufficiency of the petition.

The next error assigned is that the court erred in refusing to admit evidence offered by the defendants, appellants herein. The record discloses that the plaintiff offered in evidence a resolution adopted by the Columbus Metropolitan Housing Authority to the effect that no undue hardship would result to these defendants as a result of being evicted. This was an attempt to comply with a requirement of the federal statute, Title 42, Section 1413a, U. S. Code (61 Stats. at L., pt. 1, 705), which provided as follows:

"The United States or any state or local public agency assisted by federal funds made available with respect to housing shall continue to have the right to maintain an action or proceeding to recover possession of any housing accommodations (except as provided in the proviso of section 209 [b] of the Housing and Rent Act of 1947) operated by it where such action or proceeding is authorized by the statute or regulations under which such accommodations are adminis--

tered, but no such action or proceeding shall be maintained prior to March 1, 1948, if in the opinion of the administering authority such action or proceeding would result in undue hardship for the occupants of such housing accommodations, or unless in the opinion of such authority other housing facilities are available for such occupants.''

The record discloses that the aforesaid resolution was properly identified by a Mr. Linton and admitted in evidence as plaintiff's exhibit F. It was adopted on February 27, 1948, and the action was instituted on March 12, 1948. Upon cross-examination Linton was asked what test was applied in arriving at the finding that there would be no undue hardship. An objection was sustained to the question, which ruling is alleged to be error. We are of the opinion that the statute gives the ''administering authority'' the sole power to determine the effect upon the defendant and upon the availability of other housing facilities, for it provides:

''if in the opinion of the administering authority such action or proceeding would result in undue hardship * * *.''

The method or manner in arriving at this conclusion is not material. In order to ''maintain'' the action it was necessary only for the authority to express or make a finding of their ''opinion'' in the respects mentioned in the statute. The only way the authority could express such an opinion was by resolution of the governing body. The objection to the question was properly sustained and the resolution was properly admitted in evidence.

The next question presented is whether Title 42, Section 1413a, U. S. Code, has been violated, which section, it is admitted, has application to the property involved herein, and it is also admitted that the ef-

fective date has been extended to April 1, 1949. It will be noted that the statute provides:

"* * * but no such action or proceeding shall be *maintained* * * * if in the opinion of the administering authority such action or proceeding would result in undue hardship." (Emphasis ours.)

According to Webster's New International Dictionary (2 Ed.), the word "maintain" means "To continue or persevere in or with; to carry on; as, to maintain an attack, a correspondence, a legal action."

The record discloses that the lease held by the defendants required a 15-day notice in order to terminate it; that this notice was served on the defendants on February 11, 1948, which was prior to the adoption of the resolution by the plaintiff. The question presented is whether the serving of the notice of termination constituted a part of the proceedings in eviction. We do not think so. The notice was given in compliance with the terms of the lease itself. Proceedings to evict upon the ground of termination of the lease in the manner provided therein might or might not follow. However, such proceeding did follow upon the theory that the lease had been terminated and a petition was filed containing all the allegations prescribed by Section 10452, General Code. The notice of termination of the lease had nothing to do with the maintaining of the action or proceeding to evict. The action was not commenced until the petition was filed and a summons caused to be issued thereon. Section 11279, General Code. An action cannot be said to be "maintained" or "carried on" before it has been started. We, therefore, hold that the notice of termination of the lease was not an invalid act, but was in conformity with the terms of the lease itself. The right to maintain the action became a matter of proof at the time of the trial.

We find no prejudicial error in the record, and the judgment is affirmed.