COLUMBUS METROPOLITAN HOUSING AUTHORITY,
Plaintiff-Appellee, v. SIMPSON, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4235.  Decided March 25, 1949.

Wm. Harvey Jones, Columbus, for plaintiff-appellee.
H. B. Yarnell, Columbus, for defendants-appellants.

### OPINION

By THE COURT.

This is an appeal on law from the Municipal Court of Columbus which rendered judgment against the defendants-appellants in a forcible entry and detainer action. The defendants assign as error that the judgment is contrary to law and that the Court erred in refusing to enter a separate finding of facts and conclusions of law requested by defendants.

The plaintiff, The Columbus Metropolitan Housing Authority, introduced the lease under which the defendants occupied the premises and a fifteen days' notice that the lease was terminated, the statutory three days' notice to leave the premises, both notices being properly served on defendants, and rested. No defense was interposed.

The lease, which was executed in February, 1946, contained a provision that the lease was automatically renewed from month to month unless terminated by either party upon giving fifteen days' notice in writing. The evidence shows that the fifteen days' notice was served on September 15, 1948, terminating the lease as of September 30, 1948. The three days' statutory notice was served on October 1, 1948, and suit was instituted on October 7, 1948. Judgment was rendered on October 20, 1948. On October 23, 1948, a motion for new trial was filed which was overruled on November 8, 1948. On November 9, 1948, the defendants filed a request for a separate finding which was on that date denied.

The request for a separate finding was not seasonably made and no error resulted in denying the request.

The plaintiff contends that the serving of the fifteen days' notice terminated the lease according to its terms and that thereafter the defendants held over their term; and that plaintiff is entitled to restitution under the law of this state. The defendants contend that even though the fifteen days' notice has been given, terminating the lease, they cannot be evicted without some cause being shown other than the termination of the lease.

The plaintiff, The Columbus Metropolitan Housing Authority, is a corporation organized under the laws of the State of Ohio.

Section 209(a) of the Housing and Rent Act of 1947 sets forth in six separate paragraphs grounds on which a tenant may be evicted. However, Section 209(b) of the same Act became effective July 1, 1947 (Public Law 129-80th Congress) and provides as follows:

"**Notwithstanding any other provision of this act,** the United States or any State or local public agency may maintain an action or proceeding to recover possession of any housing accommodations operated by it **where such action or proceeding is authorized by the statute or regulation under which such accommodations are administered:** Provided, That nothing in the subsection shall be deemed to authorize the maintenance of any such action or proceeding upon the ground

that the income of the occupants of the housing accommodations exceeds the allowable maximum unless such income, less any amounts paid to such occupants by the Veterans' Administration on account of service-connected disability or disabilities, exceeds the allowable maximum." (Emphasis ours.)

The effect of subsection (b) of Section 209 was to remove Housing Authorities from the necessity of complying with the provisions of Section 209(a). Under the provisions of Section 209(b) a Housing Authority may maintain an action to evict a tenant "where such action or proceeding is authorized by the statute or regulation under which such accommodations are administered". This particular provision was preserved in Public Law 301 known as the McCarthy Act, effective July 31, 1947. It was also preserved in Public Law 901 (Housing Act of 1948) passed by Congress on August 10, 1948, amending the National Housing Act. (See Section 502(b), Title V, Housing Act of 1948.)

Consequently, the plaintiff could maintain the action if authorized by the Statute of Ohio or a regulation under which such accommodations are administered. In the instant case, the lessees were bound by the provisions of the lease which permitted the Housing Authority to terminate the lease upon giving fifteen days' written notice. In Brand v. Chicago Housing Authority, 120 F. (2d) 786, (U. S. C. C. A.), where a number of tenants sought an injunction against eviction, the Court, in discussing the provisions of the lease which gives the right of either party to terminate the lease on fifteen days' notice, on page 788 held:

"It is our opinion that this provision with reference to the termination of the tenancy is valid and binding upon plaintiffs in the same manner as though the lessor had been a private person rather than a Governmental Agency."

The lease being legally terminated according to its terms, the lessees held over their term and have no right of occupancy thereafter. **Sec. 10449 GC.**

The bringing of the action to recover possession was authorized by the statutes of this state and the provisions of the lease which may be construed as a regulation binding on the parties. Therefore, the judgment of the trial court was not contrary to law.

Finding no error in the record the judgment is affirmed.

The filing of the application for rehearing, for which no provision is made by rule, has been brought to the attention

398

of the Court. The Court has carefully reconsidered the matter and rendered this as the only official opinion of the Court. The former opinion which has been forwarded to counsel is hereby withdrawn.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4235. Decided April 5, 1949.

By THE COURT.

Submitted on application for rehearing. All matters presented in the application were considered by the Court in rendering its opinion.

Application for rehearing will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.