■ In the Matter of REBECKA PETERS, Individually and on Behalf of All Others Similarly Situated Who are Members of the Williamsburg Community Association, Appellant, against NEW YORK CITY HOUSING AUTHORITY, Respondent.— In this article 78 proceeding, the appeal is from an order dismissing the proceeding on the merits. The question sought to be presented is the validity of a resolution of the respondent, adopted to implement the provisions of the Gwinn Amendment of the Independent Offices Appropriations Act of 1953 (66 U. S. Stat. 393, 403, U. S. Code, tit. 42, § 1411c), which resolution provides that " No applicant shall be admitted to, and no tenant shall be permitted to continue to reside in * * * a federally-aided project ", unless the applicant or tenant has signed a certificate to the effect that neither he nor any other occupant of the unit " is a member of an organization designated as subversive by the Attorney General ". On a prior appeal, this court held that the resolution was not invalid. (Matter of Peters v. New York City Housing Auth., 283 App. Div. 801.) Urging that the Gwinn Amendment and the resolution were unconstitutional, petitioner appealed to the Court of Appeals. That court reversed, but did not reach the constitutional issues decided by this court, holding that the case should be remitted to Special Term for determination of certain preliminary nonconstitutional questions. (307 N. Y. 519.) Those questions were (1) whether the Gwinn Amendment, which referred to housing units " constructed under the United States Housing Act of 1937, as amended " was applicable to the Williamsburg Houses project, in which petitioner was a tenant; and (2) whether respondent had required petitioner to disavow membership in organizations other than those " designated as subversive by the Attorney General ". After a hearing upon the remission, the Official Referee, to whom the matter had been referred by stipulation of the parties, concluded that the Williamsburg Project was encompassed within the Gwinn Amendment as one constructed under the United States Housing Act of 1937; that respondent could properly use the list of organizations furnished by the Attorney General under Executive Orders No. 9835 and No. 10450 and could require a certificate of nonmembership in those organizations; that petitioner, who did not allege that she was a member of any

designated organization, had no standing to challenge the constitutionality of the Gwinn Amendment or the action of respondent implementing it; and that respondent's resolution was constitutional and valid. The proceeding was, therefore, dismissed. Order unanimously affirmed, without costs. While we are of the opinion that the proceeding must be dismissed, we reach that conclusion for reasons other than those stated by the learned Official Referee. We agree that the Williamsburg Project was constructed under the United States Housing Act of 1937, within the meaning of the Gwin Amendment. We believe, however, that petitioner, whose eviction was threatened because of her refusal to sign the required certificate, may maintain this proceeding despite her failure to allege that she is a member of a proscribed organization. (Cf. *Adler* v. *Board of Educ.*, 342 U. S. 485, and *Chicago Housing Auth.* v. *Blackman,* 4 Ill. 2d 319, 321–322.) We do not agree with the conclusion that respondent could require petitioner to certify that she is not a member of any of the organizations set forth in the " Consolidated List " of organizations designated by the Attorney General under Executive Order No. 9835 and Executive Order No. 10450. That list, containing the names of approximately 200 organizations in alphabetical order, included all organizations which had been listed previously by the Attorney General under six different categories, only one of which was " subversive ". The Gwinn Amendment and the resolution of respondent refer in clear and unambiguous language to organizations " designated as subversive by the Attorney General ", and no evidence was adduced which justifies their interpretation, under the doctrine of practical construction, as authorizing a demand that a tenant certify that he is not a member of other organizations. (Cf. *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; see, also, *Rudder* v. *United States,* 226 F. 2d 51, and *Housing Auth. of City of Los Angeles* v. *Cordova,* 130 Cal. App. 2d 883.) We are of the opinion, therefore, that respondent exceeded its statutory powers in requiring petitioner to certify that she is not a member of any of the organizations set forth in the " Consolidated List ". This proceeding, however, seeks to annul respondent's resolution and to enjoin petitioner's eviction thereunder, because of the alleged invalidity of the resolution under the Federal Constitution. There is no need to decide that question. Petitioner's rights may be adequately protected, whether the Gwinn Amendment and the resolution are constitutional, or whether they are not. (See *Weixel* v. *New York City Housing Auth., post,* p. 703, decided herewith.) Such being the case, the petition should have been, and properly was, dismissed. (*Matter of Peters* v. *New York City Housing Auth.,* 307 N. Y. 519, *supra.*) Nolan, P. J., MacCrate, Schmidt and Murphy, JJ., concur; Beldock, J., concurs in result.