Stapleton *v.* Horton, Appellant.

Argued November 14, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Charles C. Keller*, with him *Peacock, Keller & Yohe*, for appellant.

*William C. Porter*, with him *Docktor & Porter*, for appellees.

OPINION BY WOODSIDE, J., March 20, 1957:

This case turns on whether a tenant under a month to month lease is required to give notice of his intention to vacate the premises when nothing relating to notice is contained in the lease agreement.

The plaintiffs filed an action in assumpsit to recover rent from the defendant. After trial before a jury they obtained a verdict in the sum of $1400. The defendant appealed from the entry of the judgment in the above sum, and the refusal of the court below to grant his motion for a new trial.

The plaintiffs entered into an oral agreement with the defendant, an automobile dealer, leasing to him their building in the Borough of West Brownsville, for use as a body and paint shop, at a rental of $150 per month, increased to $175 per month when certain additional space in the building became available to the tenant. It is agreed that the lease was for a tenancy of month to month.

Either late in October or early in November 1954, the tenant moved his property out of the leased building, and sometime early in October discontinued all further use of it. The defendant claimed that at about the time of removing his property, he turned over a set of keys to the plaintiffs, and through his brother notified the plaintiffs that he was vacating the premises. This the landlords denied, claiming that they had received no notice that the defendant intended to vacate the premises, and had not received the keys to the premises until May 7, 1955. They claim that they were unable to take possession of the premises before receiving the keys. They sued and recovered a judgment for rent at the rate of $175 per month for the months of November to June, inclusive.

The defendant contended that he had been forced to vacate the premises because the landlords had failed to make certain repairs which they had agreed to make. There was evidence that the tenant complained that the roof leaked and the heaters were defective. The defendant argues that the trial judge refused to charge

the jury on constructive eviction, particularly in refusing his fourth point for charge which dealt with that subject. The trial judge, noting that counsel for defendant had not given him the points at the proper time and that he had had insufficient time to check them, refused most of the points stating that he considered them to be covered in his charge. If the substance of a point is in the charge the trial judge need not act upon the point specifically. Ordinarily, points for charge other than for binding instructions, need not be acted upon specifically when not given to the trial judge within the time required by the rules of the court in which the case is being tried. We have read the testimony and the charge and see no grounds for reversal on this point.

Although not the only issue which the court was required to submit to the jury under the evidence of this case, an important issue was the date that the tenant vacated the leased premises. This is a question of fact for the jury to be determined from the words and acts of the parties and the surrounding circumstances. *Brill v. Haifetz*, 158 Pa. Superior Ct. 158, 44 A. 2d 311 (1945).

The time the keys were given to the landlords is an important, but not the only, nor necessarily the determining, circumstance. That the landlords lived next door and at all times observed what was taking place at the leased premises is a circumstance for consideration as well as what the parties said to each other at various times.

Whether the tenant is required to give notice of his intention to vacate has an important bearing on the amount of rent, if any, that is due from the defendant to the plaintiffs. In his charge the learned trial judge instructed the jury that if a tenant desires to terminate

a month to month lease he must give one month's notice. There are several references in the charge to the necessity of such notice, and the time when it must be given. There can be no doubt that the case was submitted to the jury upon the theory that a tenant under a month to month lease is required to give notice of his intention to vacate the premises.

The learned trial judge in his charge made reference to the Act of Assembly which required such notice. Presumably he was referring to The Landlord and Tenant Act of April 6, 1951, P. L. 69, §501, 68 PS 250.501. This section provides, as did the previous acts dealing with the same subject, for notice by the landlord, but it does not provide for notice by the tenant.

An examination of the cases leads us to the conclusion that a tenant under a month to month lease is not required to give notice of his intention to vacate the premises, unless the lease agreement provides for such notice.

In *Cook v. Neilson*, 10 Pa. 41 (1848) a divided Court affirmed the judgment of the lower court holding that a tenant from quarter to quarter who has held over is not bound to give notice of his intention to quit at the end of the current quarter. Reference to this opinion was made in *Wilgus v. Whitehead*, 89 Pa. 131, 133 (1879) but the point was not passed upon.

In *Hollis v. Burns*, 100 Pa. 206 (1882) the holding of the Court that the tenant was a tenant from month to month and not from year to year and therefore "had a right to leave (at the end of 20 months) and was not legally chargeable for use and occupation thereafter," was applied to a situation where the tenant apparently gave no notice to the landlord until the day he vacated. See *Thompson v. First School District of Pennsylvania*, 48 Pa. Superior Ct. 607, 609 (1912).

In *Lane v. Nelson,* 167 Pa. 602, 605, 31 A. 864 (1895), it is stated: "In Pennsylvania the tenant is not required to give notice of his intention to quit at the end of any quarter, or month, or year, as the term may be: (citing)".

In *Hood v. Drysdale,* 27 Pa. Superior Ct. 540, 543 (1905) President Judge RICE of this Court stated that a tenancy from month to month "could be terminated by the tenant at the end of any month by removing from the premises, and by the landlord by giving one month's previous notice to quit: (citing)".

In *Thompson v. First School District of Pennsylvania,* supra, this Court held that when a tenant enters into a lease for a definite term and holds over from year to year, he may surrender the premises at the end of any year without having given three months previous notice of his intention to do so.

Stern's Trickett on the Law of Landlord and Tenant (3rd Edition), Section 280, suggests that it has been assumed that a tenant from month to month need not give notice in the absence of a contractual undertaking to that effect. See also Sum. Pa. Jur. Landlord and Tenant, §31.

Although it could be argued that a landlord should be entitled to the same notice as a tenant, it apparently has been recognized as the law for many years that such notice by a tenant is not required. The lease between the parties can provide for notice by the tenant in the event of termination, as was done in *Fotterall v. Armour,* 218 Pa. 73, 66 A. 1001 (1907) cited by the appellee, but, in the absence of a contractual provision, and in the absence of a statutory requirement, the tenant is not required to give such notice in Pennsylvania.

If the defendant was not required to give notice of his intention to vacate, the plaintiffs could not possibly

204

recover rent for the month of June 1955. It may be that the jury would have concluded that the plaintiffs were not entitled to recover at all, or for a lesser amount, had they known that the tenant had no legal duty to notify the landlords of his intention to vacate. The defendant, being thus prejudiced by this part of the charge, must be granted a new trial.

The appellant has alleged several other errors in the charge which he thinks entitle him to a new trial. We have carefully read the record and the charge of the court and find no other substantial error, and no other reason for granting a new trial.

Judgment reversed and a new trial granted.