## Pittsburgh Housing Authority v. Turner, Appellant.

Argued April 18, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Henry R. Smith, Jr.,* with him *Jones, Smith and Freeland,* for appellant.

*Everett E. Utterback,* for Housing Authority, appellee.

OPINION BY MONTGOMERY, J., June 12, 1963:

Appellant's petition to open a judgment in ejectment entered against her by virtue of a warrant contained in her lease was refused and this appeal followed.

The lease was from month to month and authorized either the Housing Authority or the tenant to terminate it on fifteen days notice to the other party. It is admitted that the required notice was duly given to and received by the tenant, that the fifteen day period as well as extensions thereof, totaling over a year in time, have expired and that tenant is not in arrears in her rent. No reason was given for the action taken by the landlord.

The argument advanced in support of appellant's petition to open is, that such a provision which requires

no reason to be assigned or hearing afforded to justify or explain the action of the Authority is arbitrary and not enforceable, because it is contrary to public policy and would, if enforced, deprive tenant of her rights without due process of law.

The landlord, the Housing Authority of the City of Pittsburgh, owns and operates the Bedford Dwellings, a low rental housing unit; and appellant is properly included in the group "of low income persons" who are entitled to rent living quarters in such housing unit.

The Housing Authority of the City of Pittsburgh is a public corporate body, created pursuant to federal and state legislation for the purpose of providing housing for persons of low income. The federal law provides, inter alia, as follows:

"It is declared to be the policy of the United States to promote the general welfare of the Nation by employing its funds and credit, . . . to assist the several States and their political subdivisions to alleviate present and recurring unemployment and to remedy the un-safe and insanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of low income . . ." Act of September 1, 1937, c. 896, §1, 50 Stat. 888, as amended, 42 U.S.C.A. 1401-(pp).

The Pennsylvania Legislature has declared the following to be its policy with regard to the creation of the Authority:

"Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to promote the health and welfare of the inhabitants thereof by the creation of corporate and politic bodies to be known as housing authorities. The public purposes for which such authorities shall operate shall be—(1) the clearance, replanning, and reconstruction of the areas in which slums exist; (2) the providing of safe and sani-

tary dwelling accommodations for persons of low income, so as to prevent recurrence of the economically and socially disastrous conditions hereinbefore described; and (3) the accomplishment of a combination of the foregoing. Such purposes are hereby declared to be public uses for which public money may be spent, and private property acquired by the exercise of the power of eminent domain." Act of May 28, 1937, P. L. 955, §2, 35 P.S. 1542.

The clear issue before us is: May a public corporation, such as appellee, assert the same right as a private corporation or individual in terminating a month to month lease without giving a reason for its action;[1] or, in other words, does the public nature of appellee's activities and purposes affect its right to rely on the express provision of the lease?

Appellant relies on *Rudder v. United States*, 226 F. 2d 51, to support her position. In that case a month to month tenant in a low income housing unit owned by the United States and managed by the National Capital Housing Authority was asked to sign a "Certification of Nonmembership in Subversive Organizations" in supposed compliance with the "Gwinn Amendment" to the Independent Offices Appropriation Act, Act of July 31, 1953, c. 302, Title I, §101, 67 Stat. 307, 42 U.S.C.A. 1411c. Although under the laws of the District of Columbia a tenancy from month to month was terminable without reason on thirty days notice, the United States Court of Appeals, District of Columbia Circuit, said (page 53), "But those propositions do not decide this case. The government as landlord is still the government. It must not act arbitrarily, for,

---

[1] Under the law of Pennsylvania notice to vacate on termination of a lease, when provided by the lease, is all that is required. Act of April 6, 1951, P. L. 69, art. V, §501, 68 P.S. 250.501(pp) ; *Stapleton v. Horton*, 183 Pa. Superior Ct. 198, 130 A. 2d 250.

unlike private landlords, it is subject to the requirements of due process of law. Arbitrary action is not due process." Holding that the "Gwinn Amendment" was not applicable to that case, the Court declared the action of eviction to be arbitrary and reversed a judgment for the landlord. Other cases are in accord: *Kutcher v. Housing Authority of the City of Newark,* 20 N.J. 181, 119 A. 2d 1; *Peters v. New York City Housing Authority,* 1 App. Div. 2d 694, 147 N.Y.S. 2d 859; *Chicago Housing Authority v. Blackman,* 4 Ill. 2d 319, 122 N.E. 2d 522; *Peters v. New York City Housing Authority,* 307 N.Y. 519, 121 N.E. 2d 529.

However, the reason for the ruling in those cases is to be found in *Lawson v. Housing Authority of the City of Milwaukee,* 270 Wis. 269, 70 N.W. 2d 605, cert. denied, 350 U.S. 882, 76 S. Ct. 135, 100 L. Ed. 778, wherein the landlord made the same demand, and when the tenants refused to sign such a certificate, threatened eviction. Although the Housing Authority contended that the tenant had merely a privilege, not a vested right, to occupy the premises, and that the Authority had a right to dispossess him at the expiration of the original term of the lease as any other nongovernmental landlord might do, the Court held that the landlord-Authority could not dispossess for a reason the legality or constitutionality of which was open to question. In such case the assigned reason created a justiciable controversy that could not be brushed aside by asserting a general right to evict merely upon notice and without a reason. Therefore, in deciding the case in that manner the Court adopted (page 278) the language of the Illinois Supreme Court in *Chicago Housing Authority v. Blackman,* supra (page 524) : "Even though appellants have no right to remain as tenants of appellee, they may not, as a condition of continued occupancy, be required to comply with unconstitutional requirements."

None of the cases previously mentioned expressly decide the issue now before us: May the Housing Authority regain possession upon notice and without reason? However, that question has been decided in other cases in a manner contrary to appellant's contention. See *Brand v. Chicago Housing Authority,* 120 F. 2d 786, 788, wherein it was stated, "It is our opinion that this provision[2] with reference to the termination of the tenancy is valid and binding upon plaintiffs in the same manner as though the lessor had been a private person rather than a Governmental Agency. As was said in Lynch v. United States, 292 U.S. 571, 579, 54 S. Ct. 840, 843, 78 L. Ed. 1434: '. . . when the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals . . . .' " The further comments of the Court in that case are also very apropos to the present case (page 789) : "We do not doubt . . . but that their eviction will result in hardships. This is a result which inevitably follows upon the termination of any lease which, by its terms, has been advantageous to the lessee. Such a consequence, however, regrettable as it is, cannot determine the rights of the parties as fixed by law and the terms of the lease."

Other cases in accord are: *Columbus Metropolitan Housing Authority v. Simpson,* 85 Ohio App. 73, 85 N.E. 2d 560; *Chicago Housing Authority v. Ivory,* 341 Ill. App. 282, 93 N.E. 2d 386; *Columbus Metropolitan Housing Authority v. Stires,* 84 Ohio App. 331, 84 N.E. 2d 296; *Walton v. City of Phoenix,* 69 Ariz. 26, 208 P. 2d 309.

In addition to the basic and generally declared policy of the Commonwealth of Pennsylvania in passing the Housing Authorities Law, Act of May 28, 1937, P. L.

---

[2] Fifteen day termination clause in month to month lease on a dwelling unit owned by United States Government and operated by a local Housing Authority as its agent.

955, 35 P.S. 1541 et seq., ". . . to promote the health and welfare of the inhabitants thereof . . .", it is also declared to be its policy ". . . that each housing authority shall manage and operate its housing project in an efficent manner, so as to enable it to fix the rentals for dwellings at the lowest possible rates, consistent with providing decent, safe, and sanitary dwellings . . ." (35 P.S. 1552). In order to carry out these policies the Authority officers are given broad powers, viz., ". . . all powers necessary or appropriate to carry out and effectuate the purpose and provisions of this act . . ." (35 P.S. 1550).

In the light of this legislation, we have no hesitancy in declaring the law of this Commonwealth as pertaining to the issue before us to be the same as in those other jurisdictions represented by the cases last cited.

At times Congress has taken temporary measures to delay evictions of tenants in federally owned or federally aided low rent housing projects; however, no such provisions are in force at the present time. 42 U.S.C.A. 1413a and statutes referred to therein; *Reading Housing Authority v. Keller,* 41 Berks County L.J. 93; *Walton v. City of Phoenix,* supra.

We conclude that the Housing Authority is entitled to judgment in ejectment in this case and that appellant-tenant has not been denied due process or deprived of any constitutional right. Were we to hold otherwise and compel a Housing Authority to submit to interrogation and the investigation of its reasons for desiring possession of its property at the expiration of each tenant's lease, it would place an unreasonable restraint on its powers and make it impossible for it to carry out the policies declared by the Legislature. This is not the only instance where an individual citizen must suffer inconvenience in order that the general welfare may be promoted.

Order affirmed.