## Scranton Housing Authority v. Reider

*John J. Dunn, Sr.*, for plaintiff.

*Lackawanna County Legal Aid & Defender Assn.*, for defendant.

ROBINSON, P. J., March 19, 1969.—This is a rule to open a judgment entered against defendant on a confession contained in a written agreement of lease for premises at no. 16-D, Hilltop Manor, Scranton, Pa. Plaintiff lessor is a public housing authority; defendant, a low income lessee.

The lease was for a period of one month and was automatically renewable with authority in either party to terminate upon giving 15 days' notice. Plaintiff's housing units are Federally financed, and defendant qualifies to lease living quarters as a "low income person" in such accommodations. On December 6, 1968, ·plaintiff authority notified defendant that her lease was terminated as of January 15, 1969, and that she would be required to "deliver up and surrender possession" of the leased premises at that time. There is no doubt here that defendant was properly notified under the terms of the lease of the termination and directed to quit and vacate the premises. See Stapleton v. Horton, 183 Pa. Superior Ct. 198.

Plaintiff, Scranton Housing Authority, contends that defendant has averred no defense cognizable under the terms of the lease, and we are compelled to agree with this proposition. The general principles of

law governing the relationship of landlord and tenant in Pennsylvania do not accord the defendant any rights in or to the demised premises. The lease was terminated according to the terms thereof.

Defendant contends that while she has no rights under the law of Pennsylvania, The Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250. 102, such law should not apply to a Public Housing Authority because such a landlord "is not an ordinary landlord nor are its lessees ordinary tenants." Defendant argues that the law should be changed to accord rights not enjoyed by any other lessee in the community. The law, of course, is against her: Pittsburgh Housing Authority v. Turner, 201 Pa. Superior Ct. 62.

Generally, petitions to open judgments are proper where relief is promptly sought, equitable considerations are shown to exist, and the availability of a meritorious defense is alleged. In such circumstances, an order to open rests within the sound discretion of the court which must be upheld unless a clear and manifest abuse is present. See Liberty National Bank of Pittston v. Degillio, 406 Pa. 127; Ehnes v. Wagner, 388 Pa. 102; Cox v. Wilson, 201 Pa. Superior Ct. 551. In considering whether the judgment should be opened, the cardinal inquiry is whether on submission of the issue to a jury a verdict in favor of defendant could not be upheld. See Ahrens v. Goldstein, 376 Pa. 114. A petition to open a judgment is equitable in nature and is addressed to the discretion of the chancellor: Gettier v. Friday, 375 Pa. 206; Brown & Bigelow, Inc. v. Borish, 165 Pa. Superior Ct. 308.

Defendant's contention carries its own refutation since it is the burden of a defendant seeking relief from a judgment to establish that a defense on the merits exists: Britton v. Continental Mining and Smelting Corporation, 366 Pa. 82. It is well settled

that in applications to open judgments, technical defenses are not sufficient; a meritorious defense, if any, must be set forth in specific and clear terms: Liberty National Bank of Pittston v. Degillio, 406 Pa. 127; Minetola v. Samacicio, 399 Pa. 351; Best TV, Inc. v. Simberg, 390 Pa. 142; Stein v. Greene, 178 Pa. Superior Ct. 464. Since defendant is clearly without a defense, she is not entitled to any relief.

A housing authority is not a special kind of landlord, nor are its lessees special kinds of tenants. The written terms of an agreement are as binding on the landlord as though it were a private person, and upon the tenant as upon any other member of society. When the government enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals. See Pittsburgh Housing Authority v. Turner, 201 Pa. Superior Ct. 62; Lancaster Housing Authority v. Gardner, 211 Pa. Superior Ct. 502. As defendant has no further interest in the demised premises, a meritorious defense does not exist. The stated object of public housing is to provide families of low income with "decent, safe and sanitary dwellings," not to accord them special rights and interests which favor them over the rest of the community. The protection of the law, under our form of government, must not be unequal.

It is, of course, true that a housing authority may not dispossess a tenant for illegal or unconstitutional reasons or for failing to comply with illegal or unconstitutional requirements: Pittsburgh Housing Authority v. Turner, supra; Lancaster Housing Authority v. Gardner, supra. Public housing authorities are also bound by directives of the U. S. Department of Housing and Urban Development which require that a tenant on being given notice to quit, must be informed privately or otherwise of the reasons for the

eviction and allowed to furnish an explanation: Thorpe v. Housing Authority of the City of Durham, 386 U. S. 670. But in Thorpe, it was also held that this did not purport to affect the terms of the lease or take away maximum control by the authority over the facility, including the power to evict under the lease and applicable state law.

Federal directives and constitutional considerations do not enlarge the rights of tenants of low income housing projects over those given in the terms of the lease instruments, nor do they curtail rights of the landlord. Both parties are governed by the laws that govern landlords and tenants generally: Lancaster Housing Authority v. Gardner, supra.

The record discloses that plaintiff fully complied with applicable directives and safeguards. Defendant was notified of the termination of the lease and directed to quit in writing. Defendant was given a hearing at which she was represented by counsel, and witnesses testified to the reasons underlying the eviction. She was afforded full opportunity to interrogate and explain. A transcript of the proceedings was made part of this record and discloses that defendant was delinquent in payment of rent; that she failed to report increases in her income; that she caused and permitted misuse and damage to be caused to the premises; that costly repairs were required to correct the damage; that she permitted garbage to accumulate and failed to clean the premises; that parts of the appliances were removed; that she maintained a noisy and disorderly home which disturbed other tenants at night; and was constantly the subject of police attention for disturbing the peace and order of the neighborhood. There can be no question that plaintiff was justified in terminating the landlord-tenant relationship under the terms of the lease. The sanctity of con-

tract is still recognized in law: Lancaster Housing Authority v. Gardner, supra.

We are unanimously of the opinion that defendant is not entitled to have the judgment against her opened.

Now, March 19, 1969, the rule to open the judgment in ejectment is discharged and the order staying these proceedings is vacated. Exceptions are allowed defendant.