Sugarman et ux. *v.* Baldini et al., Appellants.

Argued April 21, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert M. Carson,* with him *Goethe Faust* and *Francis E. Criner,* for appellants.

*Joseph M. Loughran,* for appellees.

Opinion by Rhodes, P. J., July 17, 1947:

This is an appeal by lessees from the order of the court below discharging the rule which was issued on their petition to open a judgment, in ejectment and for damages, entered against them by confession under a power of attorney contained in a lease which they had executed. The original lease provided for a term beginning the first day of September, 1943, and ending the thirty-first day of August, 1944, with the option of renewing the lease for a further term of one year. On June 30, 1944, lessees gave notice to lessors of their desire to continue the contract for an additional year from September 1, 1944, to August 31, 1945. The lease gave the lessees the right to reclaim and screen coke to be used as a substitute fuel from two coke and ash dumps owned by lessors, one being situate in Westmoreland County, and the other in Fayette County. Lessees were to pay a royalty of twenty-five cents per ton for the screened coke of certain specified sizes, and half that amount for smaller sizes. By a supplemental agreement of April 5, 1944, lessees were "required to produce or guarantee the production of a minimum of Seventy-five Hundred (7500) tons of two thousand (2000) pounds each of processed coke monthly" from one dump, and a minimum of five thousand (5000) tons from the other. On August 17, 1944, lessors confessed judgment in ejectment and for delinquent royalties of $1,702.70 due for the month of July, 1944. This judgment covered the Baggaley coke and ash dump in Westmoreland County.

The supplemental agreement to the lease provided: "In the event of Acts of God, strikes or Government regulation interfering, second parties [lessees] shall be excused from said minimum requirement during the continuance of said contingency."

Lessees, in their petition to open the judgment, alleged that Regulation 22 of the Solid Fuels Administration for War, effective July 1, 1944, excused them from producing the minimum specified in their supplemental agreement, and that the lease was not breached by their failure in this respect. The pertinent clause of Regulation 22 provided as follows: "Restrictions on shipments by producers, wholesalers and retail dealers. No producer or wholesaler shall ship any reclaimed coke intended for use by any domestic consumer, and no retail dealer shall deliver any reclaimed beehive coke to a domestic consumer if such reclaimed beehive coke has an ash content, on a dry basis, in excess of 20 per cent by weight in sizes over one inch, or an ash content of 25 per cent by weight in sizes ½ x 1" or smaller. . . . Damages for breach of contract. No person shall be held liable under any contract for damages or penalties for any default which shall result directly or indirectly from compliance with this regulation."

After certain preliminary proceedings not material to the issue before us, the court below heard testimony upon lessees' petition to open the judgment, to which petition lessors had filed an answer. Three experts testified for lessees and a like number for lessors. Lessees' witnesses testified that they were of the opinion that the disappearance of a market for reclaimed coke as of July, 1944, was due, in whole or in part, to Regulation 22. The experts called by lessors testified that the diminishing demand for reclaimed coke in July, 1944, was due to the season of the year, and that Regulation 22 had nothing to do with this condition.

The court below discharged the rule, and in its opinion held that the lessees had not shown by a preponder-

ance of the evidence that Regulation 22 was the cause of their failure to produce the minimum tonnage required by the lease, and that they had not presented sufficient cause or reason to move a chancellor to open the judgment. The court in banc affirmed the order discharging the rule. Lessees thereupon appealed.

The question presented by appellants on this appeal is whether the court below abused its discretion in refusing to open the judgment. The scope of appellate review is clear.

An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles; it is addressed to the sound discretion of the court; and on appeal the order of the court below will not be reversed except for a plain abuse of discretion. *Associates Discount Corp. v. Wise,* 156 Pa. Superior Ct. 659, 661, 41 A. 2d 418; *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691. It has been frequently said that courts are not required to open a judgment merely because the defendant produced evidence which, if true, would constitute a defense. *Land Title Bank & Trust Co. v. Kolker,* 159 Pa. Superior Ct. 529, 531, 49 A. 2d 277. "To open a judgment there must be more than a mere conflict of evidence; it is not a case of oath against oath, but there should be such evidence as carries conviction as to truth, so that a chancellor in forming his deliberate judgment is impressed with the fact that the ends of justice would be met by opening the judgment and submitting the matter to a jury": *Mielcuszny et ux. v. Rosol et ux.,* 317 Pa. 91, at page 94, 176 A. 236, at page 237.

We find no abuse of discretion in this case. Appellants had the burden of showing that Regulation 22 was the cause of their failure to produce the minimum tonnage of reclaimed coke called for in the supplemental agreement. See *H. Daroff & Sons, Inc., v. Vitullo et al.,* 350 Pa. 501, 39 A. 2d 595. It does not appear from appellants' evidence that they brought themselves within

Regulation 22. There was no testimony that the ash content of the coke reclaimed from lessors' coke dump was such as would prohibit shipments under the regulation. At most, appellants' evidence created a conflict as to the effect Regulation 22 had upon the reclaimed coke market. But such evidence of appellants, if accepted as true, did not establish a prima facie defense to the judgment entered. The conclusion reached by the court below was entirely justified.

The order discharging the rule is affirmed, at appellants' cost.