## Thomas *v.* Davis et ux., Appellants.

Argued April 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Glenn C. Jones,* for appellant.

*Victor L. Baker,* for appellee.

OPINION BY ROSS, J., July 23, 1948:

This is an appeal from the refusal of the court below to open a judgment in ejectment entered pursuant to a power to confess contained in a lease.

On January 1, 1945, Latifa Meena leased to the defendants for a term of three years, with an option to renew for an additional two years, premises described as follows: "1st. Floor Storeroom and the two rooms & bath in the rear" situated at 626 St. Clair Avenue, Clairton, to be used "only for mercantile". On June 10, 1947, the property was conveyed to the plaintiff and the lease assigned to him by the lessor. On September 10, 1947, the plaintiff entered a judgment in ejectment by virtue of a warrant contained in the lease, the defendants presented a petition to open to which an answer was filed, the lower court refused to open the judgment and the defendants took this appeal.

The warrant of attorney in the lease authorized the entry of judgment in an amicable action of ejectment if the lessees violated any of the covenants of the lease. In confessing judgment under such a warrant of attorney it is essential that the confession of judgment be accompanied by a specific averment of default within

the terms of the lease itself. *Kolf v. Lieberman*, 282 Pa. 479, 128 A. 122. In the confession in this case it was averred that the lessees had violated the covenant to use the premises "only for mercantile" by "using a substantial portion of the premises for dwelling purposes".

In their petition to open, the defendants averred that they had not violated the terms of the lease and denied that "the lease is for the use of the premises only for mercantile". In his answer, the plaintiff averred that by using the premises "as a residence or dwelling" the lessees had violated the lease.

The lease specifically limits the use of the premises to mercantile purposes. Furthermore, the real estate agent who drew the lease and discussed its provisions with the parties testified as follows: "Q. When you inserted the words 'for mercantile only' was it clearly understood between all the parties that none of the premises being lease were to be used for a dwelling? A. That is right. They were to be used for mercantile only. That was distinctly understood." One of the defendants, Stella Davis, on cross-examination, testified: "Q. You cook in one of these two rooms back of the storeroom? A. Yes, sir, there is a sitting room and a kitchen. Q. You use those for living purposes? A. That is right."

From this testimony and an examination of the lease, the lower court concluded that the defendants had violated the terms of the lease by using a portion of the premises for living purposes, and refused to open the judgment.

An application to open judgment is addressed to the court's sound discretion, and, on appeal, the order of the court below will be reversed only for clear abuse of discretion (*Berkowitz v. Kass*, 351 Pa. 263, 40 A. 2d 691; *Sugarman v. Baldini*, 161 Pa. Superior Ct. 136, 53 A. 2d 874) and we find no abuse of discretion in this case.

Order affirmed.