42011. WHITE OAK ACRES, INC. v. CAMPBELL.

ARGUED MAY 4, 1966—DECIDED MAY 30, 1966—
REHEARING DENIED JUNE 14, 1966—

*Adams, Adams & Brennan, Edward T. Brennan, Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for appellant.

*Pierce, Ranitz & Lee, Dennis Pierce, Thomas J. Mahoney, Jr., Jack K. Berry,* for appellee.

EBERHARDT, Judge. The question presented is whether Ga. L. 1963, p. 2319, a local Act relating to motions for new trial in the City Court of Savannah was impliedly repealed and superseded by the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.), to the extent that the local Act conflicts with the Practice Act. The local Act required motions for new trials in the City Court of Savannah to be filed *during the term at which the verdict is rendered, and not later than ten days from the date of rendition of the verdict,* while § 16 (a) of the Appellate

Practice Act (*Code Ann.* § 70-301) provides that "all applications for new trial, except in extraordinary cases shall be made *within thirty (30) days of the entry of the judgment on the verdict.*" (Emphasis supplied).

If the former law were applicable, the motion for new trial was filed too late and the judgment should be reversed, but if that provision was repealed by the Appellate Practice Act of 1965, the motion was filed in time and we should affirm.

We hold that the Appellate Practice Act of 1965 does repeal and supersede so much of Ga. L. 1963, p. 2319 as conflicts with the Practice Act, and that defendant's motion to dismiss plaintiff's motion for new trial was properly overruled.

We are not unaware of *Mayor &c. of Montezuma v. Minor,* 70 Ga. 191; *Montford v. Allen,* 111 Ga. 18 (36 SE 305) ; *Franklin County v. Crow,* 128 Ga. 458 (57 SE 784) and cases of similar import holding that ordinarily when a general Act does not specifically repeal a previously existing special Act, the subsequent general Act will not be construed to repeal the special Act by implication. However, the "intention of the legislature is the cardinal rule to be applied by the court; and therefore, in the absence of an express repeal, if it be apparent that the legislature intended, in a given case, that the later general statute should supplant the particular one, the courts will construe the subsequently enacted general law as having that effect." *Jones v. Stokes,* 145 Ga. 745, 749 (89 SE 1078) and cases therein cited; and see *Crovatt v. Mason,* 101 Ga. 246, 252 (28 SE 891) ; *Swift v. Van Dyke,* 98 Ga. 725 (26 SE 59).

The caption to the Appellate Practice Act of 1965 declares that it is an "Act to comprehensively and exhaustively revise, supersede, and modernize appellate and other post-trial procedure in civil and criminal cases." Section 1 (a) (*Code Ann.* § 6-701 (a)) provides that "Appeals may be taken to the Supreme Court and Court of Appeals from judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which writs of error are authorized by the Constitution and laws . . ." While not expressly repealing the provisions of special Acts relating to the appellate procedure in the courts enumerated, it was provided in § 21 (s) that "This Act being intended as a comprehensive revision of

appellate and other post trial procedure, the failure to specifically enumerate any statute, code section or Act dealing with a matter covered hereby shall not be construed as continuing such code section, statute or Act in effect, and to this extent the doctrine of *expressio unius est exclusio alterius* shall not apply," and Section 25 provides that "All laws and parts of laws in conflict with this Act are hereby repealed."

These provisions make it clear that the legislative intent was to provide a uniform post-trial procedure in all courts of this State from which a writ of error would lie to the Supreme Court or the Court of Appeals at the time of the passage of the Appellate Practice Act.

    *Judgment affirmed. Bell, P. J., and Jordan, J., concur.*