## Lancaster Housing Authority *v.* Gardner, Appellant.

Argued April 29, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Howard Lesnick,* with him *Daniel H. Shertzer,* for appellant.

*Alfred C. Alspach,* with him *Alspach and Ryder,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 27, 1969:

This is an appeal from an order affirming the refusal of the grant of a rule to show cause why a confessed judgment in ejectment should not be opened or stricken. The rule was refused by the court of common pleas without requiring an answer to be filed. Although the Superior Court initially affirmed by a per curiam order, a petition for reargument was denied in 211 Pa. Superior Ct. 502, 238 A. 2d 209 (1968). This Court granted allocatur and ordered argument which was heard after the United States Supreme Court filed its opinion in *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 89 S. Ct. 518, 21 L. ed. 2d 474 (1969).

Appellant is a tenant in appellee's (Authority) apartment project under a month-to-month lease terminable on 30 days' notice. On June 20, 1967 she was given notice that her lease would not be renewed and that she was to quit the premises at the end of the following month. At a meeting of the Authority on July 13, the executive director of the Authority stated that he had examined the premises and found them "filthy". On August 1, judgment was confessed and the eviction ordered.

The issue before this Court is technical in nature: Were there sufficient allegations in the petition to merit the grant of a rule and require an answer? We find that the petition was adequate to raise the issue of compliance with the HUD Circular of February 7, 1967,[1] and that the lower court should have granted a rule and required an answer. In so finding, we rely upon the last paragraph in *Thorpe,* supra, in which the Court said, "we have no reason to believe that once petitioner is told the reasons for her eviction she cannot effectively challenge their legal sufficiency in whatever eviction proceedings may be brought in the North Carolina courts." Thus it seems that appellant must be afforded an opportunity to know the reasons for the eviction and an opportunity to explain or reply. Hence, we must return these proceedings to the lower court to develop a record so that it can be determined whether there was compliance with the HUD Circular and whether the reasons for her eviction were legally sufficient.

We are also compelled to comment on the Superior Court opinion which relied upon *Pittsburgh Housing Authority v. Turner,* 201 Pa. Superior Ct. 62, 191 A. 2d 869 (1963), and elsewhere stated that: "This directive [Circular] does not enlarge the rights of tenants or curtail those of the Authority-landlord. It merely assures tenants that their continued occupancy is not dependent upon compliance with unconstitutional requirements . . .."

---

[1] "Since this is a federally assisted program, we believe it is essential that no tenant be given notice to vacate without being told by the Local Authority, in a private conference or other appropriate manner, the reasons for the eviction, and given an opportunity to make such reply or explanation as he may wish." Department of Housing and Urban Development (HUD) circular to Local Housing Authorities dated February 7, 1967.

In light of *Thorpe,* neither the *Turner* case nor this latter statement can stand as the applicable law in Pennsylvania.[2]

Order vacated; case remanded to the lower court for disposition consistent with this opinion.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I believe that the judgment can and should be stricken on existing state law grounds that pre-date and are unrelated to the decision in *Thorpe.* Thus I dissent from the majority opinion which merely remands for a hearing under *Thorpe.*

Appellee-authority proceeded under a lease provision which allowed confession of judgment against appellant-tenant "upon the breach of any of the covenants or Agreements of this lease or upon termination thereof by forfeiture, default or expiration. . . ." The authority's affidavit supporting its entry of the confessed judgment read as follows:

"HOWARD R. RIEGERT, being duly affirmed according to law affirms and says: 1. He is Executive Director of Lancaster Housing Authority and authorized to make this affidavit. 2. On or about April 29, 1966, June Gardner entered into a month-to-month lease for a two-story brick dwelling owned by Lancaster Housing Authority known as 536 South Ann Street, Lancaster, Pa. Attached hereto and made a part hereof is said lease. 3. On or about June 19, 1967, plaintiff herein gave notice to defendant to quit and to deliver up possession of said premises by July 31, 1967. 4. The said June Gardner, tenant and defendant herein has refused to remove and has remained in said premises. 5. The said June Gardner is not in the military

---

[2] For a recent study see Rand, Eviction Procedures in Public Housing, 73 Dick. L. Rev. 307 (1969).

service of the United States within the meaning of the Soldiers and Sailors Civil Relief Act."

It is clear that the affidavit in no way discloses what appellant's default was, and thus in my view was fatally defective. "All provisions for the entry of judgment upon the occurrence of stated contingencies require a statement of default which needs be more or less detailed dependent upon the nature of the instrument. Ordinarily such conditions must be averred to have taken place in order to have judgment entered at all. If a judgment is entered without the necessary averment, it is subject to being stricken off for what is a fatal defect. The record is held to be defective on its face and the judgment will be stricken off on the application of the defendant." Shuchman, Pennsylvania Judgment Notes §16.2 (1961), and cases cited therein.

Professor Shuchman's statements are supported by a plethora of cases. As Mr. Justice, later Chief Justice, HORACE STERN stated in *West Penn Sand & Gravel Co. v. Shippingport Sand Co.,* 367 Pa. 218, 221, 80 A. 2d 84, 86 (1951): "It is, of course, true that where the authority to enter a judgment by confession is dependent upon some default of the defendant there must be an averment of such default before a valid judgment can be entered: Kolf v. Lieberman, 282 Pa. 479, 482, 128 Atl. 122, 123; Jordan v. Kirschner, 94 Pa. Superior Ct. 252; P. Minnig Co. v. Carter, 113 Pa. Superior Ct. 231, 173 Atl. 726; Peterson v. Schultz, 162 Pa. Superior Ct. 469, 471, 58 A. 2d 360, 362; Thomas v. Davis, 163 Pa. Superior Ct. 6, 60 A. 2d 405."[1]

---

[1] In *West Penn Sand & Gravel* the Court went on to uphold the judgment because the affidavit of default incorporated by reference written notice of default which was sent to the tenant. Thus in reality, default was averred under oath, as part of the sworn affidavit. In the case before us, it is clear that no written averment

See *Yezbak v. Croce,* 370 Pa. 263, 88 A. 2d 80 (1952); *Sterling Elec. & Furniture Co. v. Irey,* 189 Pa. Superior Ct. 450, 150 A. 2d 363 (1959).

Almost the identical case to the one presently before us was decided by the Court of Common Pleas of Delaware County in 1960. Plaintiff, a landlord-authority, caused to be entered an amicable action and judgment in ejectment against defendant.[2] No averment of default was filed. The court concluded that in an ordinary case, an amendment would in all likelihood be permitted to correct the defect, but where default judgment was involved ". . . we are compelled to face the fact that historically judgments entered by default have not been looked upon with favor by the courts and strict compliance with every necessary procedural step must be had if a judgment so entered is to be sustained. Therefore, we are of the opinion that since the authority contained in this lease clearly depends upon an averment of default being filed, we cannot permit it to be nunc pro tunc: See Sterling Electric & Furniture Co., to use, Appellant, v. Irey, 189 Pa. Sup. Ct. 450, at 452, and a host of cases therein cited." *Rushton v. King,* 48 Del. Cty. Rep. 123, 124 (1960).

The decision in *Rushton* is without question correct. Judgment by confession is an extraordinary remedy, and the potential for abuse has made the courts strict in requiring all procedural rules to be followed without deviation.[3] *Scott Factors, Inc. v.*

---

of default was at any time made, and there is no averment of default made under oath as required.

[2] The court noted that the confession of judgment clause was contained in paragraph 11 of the lease, the identical paragraph number that is relied on in the case before us. Although we do not have a copy of the lease in *Rushton,* it seems fair to assume that it involved a form lease between authority and tenant that was identical to the lease used in the present case.

[3] It would seem that the procedural rules and protections in a summary proceeding like the one before us *must* be strictly fol-

*Hartely,* 425 Pa. 290, 292-93, 228 A. 2d 887, 888 (1967). Once a judgment is entered on the warrant of attorney, the warrant is no longer viable, and even if a procedural irregularity makes the first judgment invalid, a second judgment may not be entered. *Id.* at 294, 228 A. 2d at 889. The failure of appellee in the case before us to aver the default upon which the judgment by confession was based requires that judgment to be stricken,[4] and appellee has no further rights under the default judgment provision of the lease. Thus no remand is necessary and in my view we should order the judgment stricken as a matter of law.

lowed if the state summary procedure is to have any chance of withstanding a due process attack. Cf. *Sniadach v. Family Finance Co. of Bay View,* 395 U.S. 337, 37 L.W. 4520 (1969).

[4] A motion to strike attacks defects apparent on the face of the record, and unlike a motion to open, does not require the setting out of a meritorious defense and a reasonable ground for the belief that the defense will be successful before a jury. See Shuchman, supra at §38.1.