## 48055. MILAM v. HOUSING AUTHORITY OF COLUMBUS.

HALL, Presiding Judge. Defendant in a dispossessory proceeding in the Municipal Court of Columbus appeals from the striking of two of his defenses and from the grant of summary judgment. He has also included in his notice of appeal the denial of his motion for summary judgment; but as there is no certificate of immediate review for this ruling, we cannot consider the issue here. *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (11) (177 SE2d 105).

1. The plaintiff's motion to dismiss is denied. Code Ann. § 6-904; *White Oak Acres, v. Campbell,* 113 Ga. App. 833 (149 SE2d 870).

2. It is undisputed that the tenant received a demand for possession (styled Notice of Termination) for his apartment located in a public housing project administered by the plaintiff Housing Authority; that this notice stated no reason whatever for the termination; that no administrative hearing was afforded him before initiation of the dispossessory proceeding; that defendant's rent was not in arrears at the time; and that since the court issued the dispossessory writ, defendant has remained in possession, paying his rent into the registry of the court pending the outcome of the litigation.

The defendant raised four distinct defenses in his answer. The first two concerned noncompliance with the Department of Housing and Urban Development regulations and the second two raised constitutional issues. Defendant's basic contention is that the court erred in holding (by striking the defenses) that the Housing Authority was not bound to comply with HUD regulations which require that notice of the reason for termination and an administrative hearing be provided to public housing tenants before they may be evicted. (HUD Circulars RHM 7465.8 and 7465.9 are the specific regulations relied upon.)

This is a case of first impression in Georgia, but we find not only persuasive, but virtually compelling, the fact that every other jurisdiction considering this issue has ruled either that these particular regulations are mandatory, and binding upon all public housing authorities created and operating pursuant to the Federal Housing Act of 1937 (as is the plaintiff here); or that the same procedures these regulations cover are required under due process principles. See Glover v. Housing Authority of City of Bessemer, 444 F2d 158, in which the 5th Circuit held the regulations mandatory, noting their due process rationale,

although it did not have to reach the specific constitutional question. The same result has been reached in the 2nd, 4th, 7th and 8th Circuits as well as many District Courts. Every state passing upon the question has also ruled the same way. See Chicago Housing Authority v. Harris, 49 Ill. 2d 274 (275 NE2d 353); Milwaukee Housing Authority v. Mosby, 53 Wis. 2d 275 (192 NW2d 913); Lee v. Elizabeth Housing Authority, 119 N. J. Super. 72 (290 A2d 160); Nashville Housing Authority v. Taylor, 59 Tenn. App. 600 (442 SW2d 668); Williams v. White Plains Housing Authority, 62 Misc. 2d 613 (309 NYS2d 454); Lancaster Housing Authority v. Gardner, 434 Pa. 467 (255 A2d 539).

The only adverse decision was from a United States District Court. It was reversed by the 8th Circuit Court of Appeals which held the regulation to be mandatory. Housing Auth. of City of Omaha v. U. S. Housing Auth., 468 F2d 1. The United States Supreme Court has denied the application for certiorari in that case. 41 USLW 3444. The law in every jurisdiction where the issue was raised is therefore unanimous.

As a practical matter, were we to strain to devise some rationale which would allow a Housing Authority to ignore regulations by the federal agency which has largely financed it, in disregard of a decision of the United States Supreme Court upholding the authority of HUD to promulgate regulations concerning procedural requirements pertaining to public housing tenants (Thorpe v. Housing Authority of Durham, 393 U. S. 268 (89 SC 518, 21 LE2d 474)), we would still have the constitutional issues before us. However, we believe that the reasoning of the "mandatory regulation" cases is sound and adopt it for Georgia. See especially Glover v. Housing Authority of Bessemer, Alabama, supra.

Accordingly, the trial court erred in striking defenses number 1 and 2 in granting summary judgment to the defendant. If the Housing Authority still wishes to terminate the defendant's lease, it must first comply with the above cited regulations and further it must show good cause. See *Jenkins v. Allen Temple,* 127 Ga. App. 61 (192 SE2d 714); Rudder v. United States, 226 F2d 51; Ruffin v. Housing Authority of New Orleans, 301 FSupp. 251; and Nashville Housing Authority v. Taylor, supra.

*Judgment reversed. Evans and Clark, JJ., concur.*

ARGUED APRIL 4, 1973 — DECIDED JUNE 13, 1973.

*Bettye H. Kehrer, John R. Myers, John L. Cromartie, Jr., William F. Welch, Rufe E. McCombs, Jay Wm. Fitt,* for appellant.
*Page, Scrantom, Harris,McGlamry, Davidson & Chapman, W. M. Page,* for appellee.